405 A.2d 945

**COMMONWEALTH of Pennsylvania**

v.

**Samuel GLOVER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 5, 1979.

Petition for Allowance of Appeal Denied May 19, 1980.

532

Dennis J. Cogan, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., for Com., appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Samuel Glover appeals from the judgments of sentence imposed following his conviction of murder of the first degree, rape and involuntary deviate sexual intercourse, after a bench trial in Philadelphia.

The following facts were established at trial: On the evening of July 21, 1975, Glover offered to pay Maria Gomez, nineteen, and her boyfriend, Alphonso Borrero, to do some work for him at the B–Scan Factory at 2427 North Court Street in Philadelphia where he was employed as a maintenance man. Glover drove Gomez and Borrero to the premises where he shot Borrero and beat and raped Ms. Gomez repeatedly over a period of eleven hours. Glover tape recorded some of these events and then left Ms. Gomez chained to a pole in the building. At about 8:00 a. m. she escaped, contacted police and, with the consent of the owner, Martin Silverman, led police through the factory where they discovered Borrero's body. At that time, police confiscated the tape recorder and cassette. Later, pursuant to a search warrant, police seized a .22 caliber handgun and other evidence contained in a bag hidden in the bushes near Glover's home.

■■■ Glover argues the seizure of the tape recorder and cassette from his place of employment without a search warrant violated his Fourth Amendment rights. Martin Silverman, owner and president of the B–Scan Company, consented to a search of the premises by police. The recorder and cassette were found on top of a workbench in the

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

basement, a specific area not assigned to Glover or used exclusively by him. Since the basement was within the common use and control of Glover and Silverman, Silverman could validly consent to the search, *see United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and a warrant was not required. Moreover, once the recorder was seized pursuant to the valid search, its contents could be examined and also seized. *Commonwealth v. Latshaw*, 481 Pa. 298, 392 A.2d 1301 (1978); *United States v. Hand*, 516 F.2d 472 (5th Cir. 1975), *cert. denied*, 424 U.S. 953, 96 S.Ct. 1427, 47 L.Ed.2d 359 (1976).

■ Next Glover argues the affidavit for a warrant to search his home did not show reasonable cause for a nighttime search as required by Pa.R.Crim.P. 2003(c) and, thus, evidentiary use of the items seized pursuant to the warrant should not have been permitted at trial. In this case, there was no need to comply with the requirements of Rule 2003(c) since the search was conducted between 9:10 p. m. and 9:50 p. m. and Rule 2005 defines "daytime" to mean the hours of 6:00 a. m. to 10:00 p. m.

■ Glover next argues his jury trial waiver was involuntary since it was motivated by his fear of the death penalty which, at that time, could only be imposed by a jury. The Supreme Court has previously considered and rejected this argument in *Commonwealth v. Nickol*, 476 Pa. 75, 381 A.2d 873 (1977), and *Commonwealth v. Bhillips*, 475 Pa. 427, 380 A.2d 1210 (1977), and those cases are controlling here.

■ Finally, Glover argues the Court erred in admitting the tape recording of the rape since it was inflammatory and its prejudicial effect outweighed its probative value. We disagree. The recording was probative of appellant's identity and the fact that sexual relations with Ms. Gomez were nonconsensual. Further, the recording served to rehabilitate Ms. Gomez's credibility which the defense attempted to impeach. *See Commonwealth v. Schroth*, 479 Pa. 485, 388

A.2d 1034 (1978). Moreover, the case was ultimately tried by the court, which must be presumed to be able to disregard inflammatory evidence. *Commonwealth v. Wright*, 234 Pa.Super. 83, 339 A.2d 103 (1975). *Cf. Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978).

Judgments of sentence affirmed.