421 A.2d 179

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kevin DAVIS, a/k/a Kevin Cargo, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 24, 1980.

Decided Sept. 22, 1980.

364

James J. DeMarco, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Sarah B. Vandenbraak, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

Kevin Davis, also known as Kevin Cargo, appeals from the judgments of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction for murder of the first degree and possession of an instrument of crime. The relevant facts are as follows:

On June 7, 1975, the victim, Frank Johnson ("Johnson"), attended a party given by friends at 2412 Hulseman Terrace in Philadelphia. During the evening, an argument broke out between members of rival gangs, and two unidentified individuals forcibly removed Johnson from the premises. While he was standing in front of the house surrounded by a crowd of people, appellant approached Johnson and fatally wounded him with two shots from a .22 caliber derringer pistol.

Following his arrest on September 9, 1977, for murder and other crimes unrelated to this appeal, appellant confessed in writing to shooting Johnson. On December 16, 1977, appellant's pre–trial motion to suppress the signed confession on the ground that it was involuntary was denied, and on February 28, 1978, he was convicted of first degree murder and possession of an instrument of crime by the court sitting without a jury. On May 4, 1978, the trial court granted appellant's petition to file post–verdict motions *nunc pro tunc,* and on June 13, 1978, Appellant's motions were denied and he was sentenced to a term of life imprisonment on the conviction for first–degree murder and to a consecutive term of two and one–half to five years imprisonment for possession of an instrument of crime. Appeal was taken

directly to this Court from the judgment of sentence imposed for the murder conviction and to the Superior Court from the judgment of sentence imposed for the weapons violation.[1] The latter appeal has been certified to this Court. We affirm.

## I

■ Appellant first argues that his arrest warrant was invalid because the information upon which it was issued was insufficient, unreliable and unworthy of trust. We disagree. The arrest warrant was issued on the basis of information received from three eyewitnesses. Two specifically identified appellant as the individual who shot Johnson and the third identified him as one of the four individuals she observed fleeing from the scene immediately after the shooting. We repeatedly have confirmed the reliability and trustworthiness of eyewitnesses testimony. *See Commonwealth v. Musi*, 486 Pa. 102, 113, 404 A.2d 378, 383 (1979), (eyewitness to shooting reliable); *Commonwealth v. Irving*, 485 Pa. 596, 601, 403 A.2d 549, 551 (1979), ("there is a basis for crediting the information of an eyewitness"); *Commonwealth v. Stokes*, 480 Pa. 38, 44, 389 A.2d 74, 77 (1978) ("information provided by an eyewitness whose identity is known has ... been deemed sufficient"). *See also Commonwealth v. Carter*, 444 Pa. 405, 409–10, 282 A.2d 375, 377 (1971) (testimony of two eyewitnesses sufficient to establish probable cause for arrest). Accordingly, there was sufficient information to support the issuance of the arrest warrant.

## II

■ Appellant next argues that the confession introduced at trial was not his, but was that of the interrogator, and that his signature was obtained by physical and psychological coercion. In effect, appellant requests this Court to

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.S.C.A. § 722(1) (Pamph.1979).

substitute its own factual findings for those of the suppression court, which we time and again have refused to do. *See Commonwealth v. Martin*, 481 Pa. 515, 520, 393 A.2d 23, 25 (1978).

When ruling on suppression motions, the suppression court is required to make findings of fact and conclusions of law as to whether evidence was obtained in violation of the defendant's constitutional rights, Pa.R.Crim.P. 323(i), and must determine whether the Commonwealth has established by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h). On review, this Court must "determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Brown*, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977); *Commonwealth v. Goodwin*, 460 Pa. 516, 521, 333 A.2d 892, 895 (1975). In doing so, we will consider "only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Brown, supra*, 473 Pa. at 566, 375 A.2d at 1262; *Commonwealth v. Kichline*, 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976). *See Commonwealth v. Silo*, 480 Pa. 15, 18, 389 A.2d 62, 63 (1978); *Commonwealth v. Harris*, 479 Pa. 131, 138, 387 A.2d 869, 873 (1978); *Commonwealth v. Crosby*, 464 Pa. 337, 342, 346 A.2d 768, 771 (1975). *See also Culombe v. Connecticut*, 367 U.S. 568, 604, 81 S.Ct. 1860, 1880, 61 L.Ed.2d 1037 (1961).

The conclusion of the suppression court that appellant's confession was his own and was made voluntarily is clearly supported by the record. The Commonwealth established that the confession was not the product of either physical or psychological coercion or promises of leniency made in exchange for appellant's cooperation. Although appellant testified as to the events surrounding the interrogation, the suppression court explicitly stated that it disbelieved appellant's testimony as to physical and psychological

coercion.[2] Thus, the lower court's conclusion was amply supported by the evidence.[3]

## III

Appellant also argues that the Commonwealth's evidence was insufficient to establish beyond a reasonable doubt that appellant committed the crimes with which he is charged. The test for the sufficiency of the evidence in a criminal case is whether the evidence admitted at trial is sufficient to prove every element of the crime or crimes charged beyond a reasonable doubt. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Liddick*, 485 Pa. 121, 401 A.2d 323 (1979). In making this determination, the reviewing court must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder could properly have based its verdict. *Commonwealth v. Helm*, 485 Pa. 313, 402 A.2d 500 (1979); *Commonwealth v. Tate, supra*; *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978).

Viewed in that light, the testimony at trial disclosed the following: On June 7, 1975, Johnson, while attending a party at 2412 Hulseman Terrace in Philadelphia, was forcibly removed from the house by unknown individuals. An eyewitness testified that a young man dressed in a gray--

2. It is well established that credibility determinations are the sole province of the fact finder, *Commonwealth v. Tate*, 485 Pa. 180, 182, 401 A.2d 353, 354 (1979), and the fact finder is free to believe all, part of, or none of a defendant's testimony. *Commonwealth v. Hinchcliffe*, 479 Pa. 551, 388 A.2d 1068 (1978), *cert. denied*, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978).

3. Appellant, in his pro se "Amended Supplemental Brief," further argues that he was not fully advised of his constitutional rights at the time of the interrogation in violation of the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Credible record testimony clearly establishes that appellant received the appropriate *Miranda* warnings and that he knowingly, intelligently and voluntarily waived his rights to remain silent.

hooded sweatshirt stepped through the crowd surrounding Johnson, who apparently was unarmed, and, without saying a word, pulled out a small handgun and shot him twice in the chest and abdomen. The assailant was subsequently identified as appellant by a second eyewitness who observed appellant standing over Johnson's unconscious body. Appellant ran from the scene, but was apprehended as a fugitive almost two and one half years later.[4] Following his arrest, appellant confessed to the murder. In his statement, appellant detailed the circumstances surrounding the shooting, which were in accordance with the accounts given by the eyewitnesses. Appellant's statement also established that he shot Johnson because of his belief, which later was proved to be mistaken, that Johnson previously had killed a friend of his.

■ This evidence clearly was sufficient. The testimony of two eyewitnesses established that appellant, without provocation, shot Johnson. Moreover, appellant's admission regarding his motive of revenge, as well as the manner in which Johnson was shot, established that appellant acted with the specific intent required to support a conviction for first degree murder. *See Commonwealth v. Alston*, 458 Pa. 412, 317 A.2d 229 (1974) (evidence that appellant fired a gun at the victim from a distance of approximately four feet and that the bullet struck the victim in the chest established specific intent to kill); *Commonwealth v. Bricker*, 458 Pa. 367, 326 A.2d 279 (1974) (specific intent to kill may be inferred from the fact that appellant fired two shots into the chest of the victim at a distance of two feet. *See generally Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976) (proof of specific intent to kill may be inferred from underlying circumstantial evidence). Similarly, appellant's convic-

---

**4.** Appellant's consciousness of guilt, evidenced by his flight from the scene and his concealment of his whereabouts for over two years, supports the finding of guilt. See *Commonwealth v. Whack*, 482 Pa. 137, 141–42, 393 A.2d 417, 419–20 (1978); *Commonwealth v. Tinsley*, 465 Pa. 329, 333, 350 A.2d 791, 792–93 (1976); *Commonwealth v. Osborne*, 433 Pa. 297, 302–03, 249 A.2d 330, 333 (1969); *Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964).

tion for possession of an instrument of crime was also supported by sufficient evidence, including positive eyewitness testimony and appellant's statement regarding his use of a handgun to shoot Johnson. *See Commonwealth v. McNear*, 238 Pa.Super. 177, 353 A.2d 39, *aff'd*, 478 Pa. 19, 385 A.2d 975 (1975).

## IV

Finally, appellant argues that the trial court erred in admitting evidence of his prior conviction. Although appellant concedes that this evidence was admitted into the record "for the sole purpose of impeaching credibility" (Brief for Appellant at 15), he nevertheless argues that since a defendant's credibility is critical to the determination of guilt or innocence, it is error to admit this evidence prior to that determination, even for the limited purpose of impeaching credibility. Appellant thus advocates a *per se* rule that evidence of a defendant's prior convictions is never admissible at trial, but may only be considered in determining the appropriate sentence following conviction.

It is well established that the Commonwealth may in rebuttal introduce evidence of prior convictions of crimes of dishonesty or false statement to impeach the credibility of a defendant who has elected to testify on his own behalf. *Commonwealth v. Spruill*, 480 Pa. 601, 391 A.2d 1048 (1978); *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973).[5]

In any event, appellant's allegation of prejudice is totally unsupported by the record. Appellant was tried and convicted by a judge sitting alone as factfinder, who expressly stated that he disregard appellant's prior criminal record. The evidence now objected to thus was not a factor

5. Appellant does not argue that the Commonwealth failed to establish the admissibility of this evidence under the standards established by this Court in *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978) and *Commonwealth v. Bighum, supra.* Nor does appellant argue that the trial court abused its discretion in admitting this evidence under the standards set out therein.

in determining appellant's guilt.[6]   (Opinion of the trial court at 23–24)   Accordingly, any error in its admission was harmless beyond a reasonable doubt.   *See Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

The judgment of sentence is affirmed.[7]

---

**6.**  A judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence.   *Commonwealth v. Glover*, 266 Pa.Super. 531, 534, 405 A.2d 945, 947 (1979) (Special Transfer Docket); McCormick, *Evidence* § 60 (2d ed. 1972).   *Cf. Commonwealth v. Batty*, 482 Pa. 173, 178, 393 A.2d 435, 438 (1978) *cert. denied* 440 U.S. 974, 99 S.Ct. 1543, 59 L.Ed.2d 793 (1979) (court did not abuse its discretion by admitting inflammatory photographs "because, although inadmissible in a jury setting, a judge, as the trier of fact, possesses the training, skill and experience to enable him to view such photographs [in the proper manner]").   *Commonwealth v. Green*, 464 Pa. 557, 561, 347 A.2d 682, 683 (1975) (no prejudice when a confession, initially ruled admissible, is later found to be involuntary during a non–jury trial; the Court specifically rejected appellant's claim that "the mere exposure to prejudicial evidence is enough to nullify a judge's verdict in a case."); *Commonwealth v. Glover, supra*, 266 Pa.Super. at 534, 405 A.2d at 947, no prejudice where judge, as factfinder, hears inflammatory tape recording).

**7.**  In his *pro se* "Amended Supplemental Brief," appellant argues that he was denied his right to a preliminary hearing.   The record, including the transcript of appellant's preliminary hearing, totally refutes this frivolous allegation.