476 A.2d 969

**COMMONWEALTH of Pennsylvania**

v.

**Mark K. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 1984.

Filed June 1, 1984.

216

Vincent T. Snyder, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from the judgments of sentence entered by the Court of Common Pleas of Philadelphia County for Criminal Conspiracy (5 years probation) and Robbery (8 to 20 years imprisonment). The sentences on other convictions, which will be discussed *infra*, were suspended. We affirm.

At a bench trial before Judge (now Pennsylvania Supreme Court Justice) James T. McDermott, appellant, Mark Brown, was found guilty of various charges arising out of the shotgun robbery of a tavern owner in Philadelphia.

Appellant's trial counsel filed post-verdict motions and a brief which questioned the court's refusal to grant a mistrial when the prosecutor cross-examined appellant's mother in connection with appellant's arrest for an offense that occurred subsequent to the charges for which he was being tried. The prosecutor's intention was to impeach the moth-

er's testimony as to the good reputation her son had in the community for being a peaceful and law-abiding citizen.

The trial judge denied appellant's post-verdict motions, and, after the preparation of a pre-sentence report, imposed sentence.

After an appeal to this Court on May 17, 1980, we issued a per curiam order on February 4, 1981 granting a limited remand to conduct an evidentiary hearing on appellant's ineffectiveness claims.

An evidentiary hearing was held on May 23, 1982, after which appellant's motion for a new trial, based on his claim of ineffectiveness of counsel, was denied by Opinion of Judge Mirarchi filed on June 7, 1983. Thereafter, an appeal was taken to this court by (private) counsel unassociated with prior counsel who represented the appellant.

Counsel for the appellant raises three issues for our review. The first concerns a claimed entitlement to a new trial because the prosecutor cross-examined appellant's mother about her knowledge of his arrest for offenses that had not yet led to convictions.

At the time of appellant's September 12, 1979 trial, it was permissible to impeach the credibility of a character witness in the manner that occurred instantly. *See Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971); *Commonwealth v. Jenkins*, 413 Pa. 606, 198 A.2d 497 (1964); *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351 (1937). Counsel for the appellant concedes as much in his brief, but attempts to profit from a reversal of this practice by our Supreme Court in *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981). The Commonwealth, on the other hand, urges us not to apply *Scott* retroactively. We need not decide this issue, for during the pendency of the instant appeal our Supreme Court granted retroactivity to *Scott* in *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983) (NIX, McDERMOTT and HUTCHINSON, JJ., dissenting).

Notwithstanding the holding in *Cabeza*, the issue at hand is not so easily disposed of by merely applying the proscrip-

tion of *Scott* to the prosecution's cross-examination of appellant's character witness on the question of his arrests. The reason is that the *fact-finder in the case at bar was a judge and not a jury.* In such a situation, the Courts of this jurisdiction have treated the matter in a fashion consistent with the following scenario:

> In any event, appellant's allegation of prejudice [—i.e., the trial court's purported commission of error in admitting into evidence his prior conviction—] is totally unsupported by the record. Appellant was tried and convicted by a judge sitting alone as factfinder, who expressly stated that he disregard [sic] appellant's prior criminal record. The evidence now objected to thus was not a factor in determining appellant's guilt.[6]
>
> [6] A judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence. *Commonwealth v. Glover*, 266 Pa.Super. 531, 405 A.2d 945, 947 (1979) (Special Transfer Docket); McCormick, Evidence § 60 (2d ed. 1972). *Cf. Commonwealth v. Batty*, 482 Pa. 173, 178, 393 A.2d 435, 438 (1978) *cert. denied* 440 U.S. 974, 99 S.Ct. 1543, 59 L.Ed.2d 793 (1979) (court did not abuse its discretion by admitting inflammatory photographs "because, although inadmissible in a jury setting, a judge, as the trier of fact, possesses the training, skill and experience to enable him to view such photographs [in the proper manner]"). *Commonwealth v. Green*, 464 Pa. 557, 561, 347 A.2d 682, 683 (1975) (no prejudice when a confession, initially ruled admissible, is later found to be involuntary during a non-jury trial; the Court specifically rejected appellant's claim that "the mere exposure to prejudicial evidence is enough to nullify a judge's verdict in a case."); *Commonwealth v. Glover, supra,* [266] Pa.Super. at [534], 405 A.2d at 947, no prejudice where judge, as factfinder, hears inflammatory tape recording.)
>
> (Opinion of the trial court at 23–24) Accordingly, any error in its admission was harmless beyond a reasonable doubt. *See Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

*Commonwealth v. Davis,* 491 Pa. 363, 372 & n. 6, 421 A.2d 179, 183 & n. 6 (1980).

■ Instantly, the trier of fact made an express statement at the post-verdict motions hearing negating any effect the evidence of appellant's arrests may have had on the verdict; *viz.*:

> THE COURT: As I understand the law, the basis of the knowledge of a character witness may be inquired into, and further, the Court was sitting as a Court without a

jury. *The evidence itself is what the Court addressed itself to. That was more than sufficient, under the circumstances, without any reference to any other question.* (Emphasis added)

(N.T. 2/26/80 at 3)

Thus, in light of the trial judge's express statement that he looked exclusively to the evidence "without any reference to any other question" dealing with appellant's arrest record in rendering his verdicts, appellant's claim cannot prevail. *See Commonwealth v. Guest*, 500 Pa. 393, 398, 456 A.2d 1345, 1348 (1983).

■ The appellant next argues that because, during the jury trial waiver colloquy, he answered "Yes, sir" when asked by the judge "Has anybody promised you anything in order for you to select trial by a judge without a jury?", his counsel's failure to object to this (inappropriate) response and inquire into the matter renders him ineffective. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

At the evidentiary hearing held at this Court's direction on remand, trial counsel testified that he remembered the question being asked by Judge McDermott, but not the answer "Yes, sir" being given by the appellant. Counsel offered that "had yes been stated, [he] would have been the first to proceed with [his] line of questioning to let the Court know what, if anything, [he] had promised." (N.T. 5/12/82 at 11)

On cross-examination, trial counsel denied having ever promised or guaranteed anything to Mr. Brown in an effort to induce him to waive his right to a trial by jury. (N.T. 5/12/82 at 15)

When the appellant took the stand, he stated he had intended to present his case to a jury until his counsel stated, "Look, we don't need no jury. I promise if you don't pick, you will not be found guilty." (N.T. 5/12/82 at 48) According to the appellant, the purported statement made by his counsel prompted him to go non-jury.

On re-direct examination the following exchange occurred between appellant and his counsel:

MR. FIORETTI:

Q. Mr. Brown, why didn't you tell the Judge that your lawyer had promised you would be—

A. Truthfully speaking?

Q. Truthfully speaking.

A. I thought I was going to get probation. (N.T. 5/12/82 at 52)

Shortly after appellant's response was elicited, the hearing court judge asked:

THE COURT: Did I understand, Mr. Brown, that you thought you were going to get probation for this case?

THE DEFENDANT: Yes, sir. I did.

THE COURT: And if you had gotten probation for this case there would have been no reason for you to take this appeal, is that correct?

THE DEFENDANT: Yes, sir. (N.T. 5/12/82 at 53–54)

At the completion of the proceedings, the court authored an Opinion denying appellant's ineffectiveness claim on the ground that, *inter alia,* trial counsel's testimony was "believable and credible and to be given full weight. The Court d[id] not accord the same credibility or believability to the defendant, MARK BROWN." (Hearing Court's Opinion at 10) There is ample support in the record for the determination made. Thus, it will not be disturbed. *See Commonwealth v. Porta,* 297 Pa.Super. 298, 443 A.2d 845 (1981), petition for allocatur denied September 1, 1982.

Moreover, this Court finds this case not to be one of reliance upon a "promise" by trial counsel to secure a not guilty verdict, but, rather, one of disappointed expectations. The basis for this being defendant's remark at the May 12, 1982 hearing that his disenchantment stemmed from the fact that he did not receive "probation" for his convictions. On this subject, the Court in *Commonwealth v. Waddy,* 463 Pa. 426, 429 n. *, 345 A.2d 179, 180 n. * (1975), in ruling on the propriety of a guilty plea, remarked:

... the colloquy conducted before the plea was accepted fully advised the appellant that the degree of guilt was a matter for the court to determine; that a life sentence was possible and that [appellant] could not expect no lessening for entering the guilty plea. [The Court went on to state that] [d]isappointed expectations are not grounds for the invalidation of guilty pleas. *Commonwealth v. Sanutti*, 454 Pa. 344, 312 A.2d 42 (1973).

The same rationale that was espoused in *Waddy* to deny a request to withdraw a guilty plea is equally applicable in the case of a claimed defective waiver of a jury trial, *i.e.*, where the colloquy is otherwise proper, as was the case here, *see Commonwealth v. Carson*, 503 Pa. 369, 469 A.2d 599 (1983); *Commonwealth v. Payne*, 327 Pa.Super. 139, 475 A.2d 137 (1984), an accused's resentment over the punishment meted out by a sentencing court will not be a basis to void the waiver. Thus, appellant's ineffectiveness claim is found wanting, and, accordingly, is denied.

■ Lastly, appellant challenges the legality of the "suspended" sentences appearing on the Docket Entries of the Court of Common Pleas of Philadelphia County for Bills of Information Nos. 765 (Recklessly Endangering Another Person) and 766 (Carrying a Firearm on the Streets of Philadelphia and Carrying a Firearm Without a License). He does so on the basis that the prosecution, at trial, only moved to try him for the offenses listed at Bills of Information Nos. 764 (Conspiracy), 767 (Possession of an Instrument of Crime and Possession of a Prohibited Offensive Weapon) and 768 (Robbery), and, at the completion of the proceedings, the trial judge finding him "guilty of all charges" without specification. (*See* N.T. 9/12/79 at 3 & 100) Thus, he moves for this Court to vacate the sentences imposed on Bills of Information Nos. 765 and 766 "since no trial was ever held and, therefore, no judgment of sentence could be imposed." (Appellant's Brief at 10)

Before we can address the merits of appellant's protestation, we must respond to the Commonwealth's contention that "defendant's claim is in fact an attack on his convic-

tion, [and, thus,] ... is waived [because it was] not objected to at the time the guilty verdicts were entered or in post-verdict motions." (Commonwealth's Brief at 12)

We believe, based upon our examination of the claim against the procedural backdrop of the case at bar, that the position taken by the Commonwealth is a correct one. In other words, we see appellant's attack as one directed at his being convicted of crimes for which he was not charged with *at trial,* and, as such, he is "making a disguised attack on the validity of the convictions underlying the sentences." *Commonwealth v. Walker,* 468 Pa. 323, 330, 362 A.2d 227, 230 (1976).

To explicate, the facts relevant to a disposition of the question posed concern the robbery, at gun point, of one Gary Johnson.

At approximately 1:30–2:00 p.m. on the 2nd of April, 1979, Mr. Johnson was walking to his vehicle, which was parked in front of his establishment. He was en route to the bank to make a deposit of the day's receipts when he heard a voice say, "Hold it." (N.T. 9/12/79 at 10) As Johnson turned, one of two young men "was leveling a sawed-off shotgun at [his] stomach, saying, 'Pussy mother fucker, give me the case.'" (N.T. 9/12/79 at 18) The "case" contained $1,000.

The person giving the commands, later identified as the appellant, held the shotgun in his right hand as he removed the case from Johnson's possession with his left hand. The appellant then directed his accomplice to take Johnson's car keys and pat him down. The accomplice did so and removed a handgun from Johnson's person. Johnson was, thereafter, ordered to run down the street by appellant. As he turned to do so, the duo ran.

The police were duly notified and were provided with a description of the assailants' clothing and physical features. Shortly thereafter the appellant was arrested and five (5) Bills of Information were issued against him on May 16, 1979; *viz.:*

1) No. 0764, May Term, 1979 charged Criminal Conspiracy;

2) No. 0765, May Term, 1979 charged Recklessly Endangering Another Person and Terroristic Threats;

3) No. 0766, May Term, 1979 charged Carrying a Firearm on Public Streets or Public Property and Carrying a Firearm Without a License;

4) No. 0767, May Term, 1979 charged Possessing Instruments of Crime-Generally, Possessing Instruments of Crime—Concealed and Prohibited Offensive Weapons; and

5) No. 0768, May Term, 1979 charged Robbery.

It is true, as appellant brings to our attention, that at the commencement of the adjudication before the Honorable James T. McDermott, the assistant district attorney stated:

Your Honor, the Commonwealth moves for trial on the case of Commonwealth versus Mark Brown, Bills of Information No. 764, 767, 768, May Term, 1979, charging the defendant with conspiracy, possession of instrument of crime, possession of prohibited offensive weapon, robbery. (N.T. 9/12/79 at 3)

Following the presentation of the prosecution's and the defense's case, the trial judge held: "I found the defendant guilty on all charges." (N.T. 9/12/79 at 100)

From the preceding two facts, appellant wishes us to believe that the charges listed at Bills of Information Nos. 765 and 766 were never *adjudicated*, and, therefore, the entry of the "suspended" sentences as to those two Bills was illegal and should be vacated.

If we were to look only at the facts brought to our attention by the appellant, and nothing more, there might be some arguable merit to the contention. However, our independent review of the trial transcript reveals that the assistant district attorney specifically informed the accused that he was on trial for five (5) Bills of Information. Such a

conversation transpired immediately after the introductory comments referred to *supra,* and took the form of a jury trial waiver colloquy conducted by the assistant district attorney; to-wit:

BY MR. CHADWICK:

      *     *     *     *     *     *

Q. Do you understand that you are here today for trial on five bills of information charging you with robbery, conspiracy and possession of instruments of crime?

[APPELLANT:]

A. Yes, sir. (N.T. 9/12/79 at 4–5)

Accordingly, in light of the aforementioned, any misconception the appellant may have been under concerning the offenses for which he was being tried was rectified by the assistant district attorney reconfirming what already appeared on the five (5) Bills of Information, *which the appellant acknowledged as having been made aware of at trial.*

Moreover, and more to the point in light of the facts reconstructed herein, it is obvious to this Court that the appellant is assailing the convictions underlying his sentence, rather than the legality of the sentences imposed at Bills of Information Nos. 765 and 766.[1] Ergo, appellant's failure to question the propriety of his convictions in post-verdict motions renders them waived. *See Commonwealth v. Rispo,* 222 Pa.Super. 309, 294 A.2d 792 (1972). There being no allegations of "extraordinary circumstances" excusing the appellant's inaction, *Commonwealth v. Rispo, supra,* he will not be permitted to resurrect the subject now as a subterfuge to a legality of sentence claim.

Judgments of sentence affirmed.

---

1. The question has not been raised and for the purposes of this Opinion we do not decide if the judgments of the trial court suspending sentence on the convictions for the offenses set forth at Bills of Information Nos. 765 and 766 are appealable. *See Commonwealth v. Roux,* 465 Pa. 482, 485 n. 1, 350 A.2d 867, 869 n. 1 (1976).