497 A.2d 257

**COMMONWEALTH of Pennsylvania**

v.

**Thomas W. QUIGLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1985.

Filed Aug. 16, 1985.

608

Thomas Quigley, in propria persona.

Robert S. Sacavage, District Attorney, Milton, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence is insufficient to sustain his conviction for defrauding a secured creditor. We agree and, accordingly, reverse the judgment of sentence.

On November 19, 1976, a jury found appellant guilty of defrauding a secured creditor. *See* 18 Pa.C.S.A. § 4110. Appellant filed post-verdict motions on November 26, 1976, reserving the right to file additional motions when the notes of testimony were transcribed. Inexplicably, the trial transcript was not filed until January 28, 1981. On September 9, 1981, appellant filed additional post-verdict motions, and, on August 26, 1982, all of the motions were denied. On May 10, 1983, appellant was sentenced to a term of three years probation and ordered to make restitution. This timely appeal followed.

■ The test for the sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth and accepting as true all reasonable inferences therefrom upon which, if believed, the finder of fact could have properly based its verdict, is sufficient to prove every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Davis*, 491 Pa. 363, 369, 421 A.2d 179, 181 (1980). The offense of defrauding secured creditors is defined as follows:

A person commits a misdemeanor of the second degree if he destroys, removes, conceals, encumbers, transfers or otherwise deals with *property subject to a security interest* or after levy has been made thereon with intent to hinder enforcement of such interest.

18 Pa.C.S.A. § 4110 (emphasis added). In order to create an enforceable security interest, the collateral must be in the possession of the secured creditor, or the debtor must have signed a security agreement which contains a description of the collateral. 13 Pa.C.S.A. § 9203(a)(1).[1] A securi-

1. The other elements required to create an enforceable security interest are that (1) value has been given and (2) the debtor has rights in

ty agreement is "[a]n agreement which creates or provides for a security interest." *Id.* § 9105.

With these principles in mind, we review the facts of the instant case: On December 27, 1974, Carroll Fritz gave appellant a check for $5,000 to be used in the expansion of appellant's farm equipment business. When Fritz asked appellant for some collateral for his money, appellant wrote out a bill of sale to Fritz for two unassembled metal farm garages and a windrower. The unsigned bill listed the value of the equipment at $5,000. On December 30, Fritz wrote appellant a check for an additional $1,500. Several months later, concerned that he had no collateral for the $1,500 and that he had received no return on his investment, Fritz asked appellant for a note to secure his investment. In response, appellant gave Fritz a signed judgment note for $6,500. The judgment note contained a typed notation which listed the two metal farm garages and windrower listed on the bill of sale as well as a second windrower. Subsequently, appellant used parts of the two unassembled garages in the construction of another building and sold the two windrowers. Appellant never repaid Fritz.

■ Although appellant and Fritz evidently intended to secure Fritz's investment, neither the bill of sale nor the judgment note created an enforceable security interest. The bill of sale was not signed by appellant, *see* 13 Pa.C. S.A. § 9203(a)(1), and the note, although signed, did not provide for a security interest. *See id.* § 9105. Instead, the note was an "on demand" note which provided for confession of judgment in the amount of $6,500. Merely typing a list of items on the judgment note could not suffice to convert it from a note authorizing a money judgment to an agreement creating a security interest in those items as collateral. Because the record does not disclose the existence of a security interest, we hold that the evidence was

the collateral. *See* 13 Pa.C.S.A. § 9203(a)(2), (3). In the instant case, however, the presence of those elements is not disputed.

insufficient to support appellant's conviction for defrauding a secured creditor.[2]

Judgment of sentence reversed.  Appellant is discharged.

**2.** Appellant also contends that (1) the lower court erred in not defining certain terms for the jury;  (2) his speedy trial rights were violated;  (3) the failure to include four exhibits in the record violated his right to meaningful appellate review;  and (4) his sentence was excessive. In light of our disposition of appellant's sufficiency claim, we find it unnecessary to address his remaining contentions.