J. A33006/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NEIL K. ANAND, | : | No. 665 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 6, 2015,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0006423-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 23, 2016**

Neil K. Anand appeals from the judgment of sentence of February 6, 2015, following his conviction of driving under the influence ("DUI") -- general impairment and related summary traffic offenses.  We affirm.

The trial court, sitting as finder-of-fact in this non-jury trial, made the following factual findings:

> On July 30, 2014, the evening hours, the trooper [(Trooper John McIlhinney)] was on routine patrol and noticed a vehicle operated by the defendant, Neil Anand.  The Anand vehicle was repeatedly passing over the fog line on the right side of I-95.
>
> The officer fell in behind the vehicle, which continued to weave back and forth and was being operated at a speed that was less than 50 percent of the -- well, about a little more than -- a little more

---

* Retired Senior Judge assigned to the Superior Court.

than 50 percent of the speed limit.[1] The vehicle being operated at that speed caused a vehicle behind that, the defendant's vehicle, to apply his brakes to avoid a collision.

The officer had plenty of -- of suspicion, which ripened into reasonable cause [sic] and, finally, probable cause before the stop was made.

The trooper upon approaching the defendant was able to detect an odor of alcohol. He had an adequate -- more than adequate basis for subjecting the defendant to field sobriety testing. He applied the heel to toe, the one-legged stand test. And his general observations of the defendant based on his many years of experience and his participation in approximately 500 DUI arrests over the years was sufficient to satisfy the standard for appropriate arrest of the defendant for DUI.

The defendant was requested to submit to a blood test at the scene or at a point thereafter, and the defendant originally agreed and, therefore, the trooper transported the defendant to the appropriate hospital facility where the test would be conducted.

The defendant then failed to submit to the test after having been adequately presented with the DL-26, was read to him and he was given full opportunity to read it. The defendant refused to submit to the test by his failure to give an unqualified and unconditional consent. The defendant was given another opportunity to take the test after he had refused inside of the facility and the defendant again refused to give an unqualified, unconditional assent.

Notes of testimony, 2/6/15 at 171-173.

---

[1] Trooper McIlhinney testified that appellant was going as slow as 23 mph in a 55 mph zone at one point; later, he sped up to 35 mph. (Notes of testimony, 2/6/15 at 10-11, 30-31.)

Appellant was found guilty of one count each of DUI -- general impairment/incapable of safe driving, driving too slow for conditions, disregarding traffic lanes, and careless driving.[2] Appellant was found not guilty of Count 2, impersonating a public servant.[3] Appellant was sentenced to 72 hours to 6 months' incarceration and a $5,000 fine. No post-sentence motions were filed; however, this timely appeal was filed on March 4, 2015. Supersedeas was granted on March 6, 2015, staying execution of appellant's sentence until further order of court. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issues for this court's review:

A. Whether Appellant was improperly denied admission into the ARD Program[?]

B. Whether the verdict was against the weight of the evidence[?]

C. Whether the Trial Judge improperly allowed reference to the Portable Breath Test (PBT) by the Commonwealth[?]

---

[2] 75 Pa.C.S.A. § 3802(a)(1), 75 Pa.C.S.A. § 3364(a), 75 Pa.C.S.A. § 3309(1), and 75 Pa.C.S.A. § 3714(a), respectively.

[3] 18 Pa.C.S.A. § 4912. It was alleged that when he was pulled over, appellant displayed a New York State PBA (Police Benevolent Association) surgeon badge and identified himself as a state trooper or "state trooper police surgeon." (Notes of testimony, 2/6/15 at 13, 24, 26, 33; Commonwealth Exhibit C-1.) Appellant testified that he was, in fact, a state trooper police surgeon as well as a cardiothoracic anesthesiologist. (*Id.* at 79, 81.) The trial court found that the Commonwealth failed to prove all the elements of Count 2, impersonating a public servant, including that appellant made a false representation, *i.e.*, that he was not, in fact, a police surgeon. (*Id.* at 174-175.)

Appellant's brief at 3.

In his first issue on appeal, appellant claims that he was unfairly denied entry into the ARD (Accelerated Rehabilitative Disposition) program because of the charge of impersonating a public servant. (Appellant's brief at 8.) According to appellant, the Bucks County District Attorney's Office has a policy of not allowing defendants to participate in ARD unless they waive their right to a preliminary hearing. (*Id.*) However, as the Commonwealth observes, there is nothing in the record to indicate that appellant applied for, and was denied, admission into the ARD program. (Commonwealth's brief at 12.) Appellant did not raise the issue in his omnibus pre-trial motion. (Docket #12.) Appellant fails to indicate where in the record this matter was preserved in the court below. As such, it is being raised for the first time on appeal and is deemed waived. ***Commonwealth v. Williams***, 980 A.2d 667, 671 (Pa.Super. 2009), ***appeal denied***, 990 A.2d 730 (Pa. 2010), citing Pa.R.A.P. 2117(c) and 2119(e); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").[4]

---

[4] In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth

In his second issue on appeal, appellant claims the court's verdict was against the weight of the evidence. Appellant relies on his trial testimony that he had just completed a late shift at the hospital and was tired and sleepy. (Appellant's brief at 10.)

> [A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; **Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa.Super.2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. **Commonwealth v. Sherwood**[, 603 Pa. 92], 982 A.2d 483, 494 (Pa.2009).

**Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa.Super. 2014), quoting **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa.Super. 2012). Appellant failed to comply with Rule 607 by not raising this issue before sentencing or in a post-sentence motion. Appellant raising the issue in his Rule 1925(b) statement and the trial court addressing it in its Rule 1925(a) opinion does not preserve the issue for appeal. **Thompson**, 93 A.3d at 490-491; **Commonwealth v. Mack**, 850 A.2d 690, 694 (Pa.Super. 2004).

---

must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

**Commonwealth v. Lutz**, 495 A.2d 928, 935 (Pa. 1985) (emphasis deleted). "A district attorney may base a decision to grant or deny admission to ARD on any consideration related to the protection of society and the rehabilitation of the defendant." **Commonwealth v. Jagodzinski**, 739 A.2d 173, 176 (Pa.Super. 1999).

Accordingly, the issue is waived. ***See***, ***e.g.***, ***Commonwealth v. O'Bidos***, 849 A.2d 243, 252 (Pa.Super. 2004), ***appeal denied***, 860 A.2d 123 (Pa. 2004) (citations omitted) (weight of the evidence claims must be raised via oral, written, or post-sentence motions in the trial court for the issue to be preserved for appeal).

Finally, appellant complains that the trial court improperly allowed the Commonwealth to present evidence of the PBT results, despite the fact that PBT results are only used to establish probable cause for arrest and are inadmissible at trial. ***See Commonwealth v. Marshall***, 824 A.2d 323, 328 (Pa.Super. 2003) (sole purpose of the PBT is to assist the officer in determining whether or not the person suspected of DUI should be placed under arrest and is for field screening purposes only; PBT results are not sufficiently reliable to establish at trial the requisite elements of a DUI offense) (citations omitted).

Simply stated, appellant misapprehends the record. The trial court sustained appellant's objections to any testimony regarding the PBT results. (Notes of testimony, 2/6/15 at 118-119.) We also observe that this was a bench trial, not a jury trial. "Even if prejudicial information was considered by the trial court, a judge, as fact finder, is presumed to disregard inadmissible evidence and consider only competent evidence." ***Commonwealth v. Fears***, 836 A.2d 52, 71 n.19 (Pa. 2003), ***cert. denied***,

545 U.S. 1141 (2005), citing **Commonwealth v. Davis**, 421 A.2d 179 (Pa. 1980).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016