J-A29029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFFORD LENNOX CALDWELL, JR., | |
| Appellant | No. 3861 EDA 2016 |

Appeal from the Judgment of Sentence November 30, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0003062-2015

BEFORE:  LAZARUS, J., PLATT, J.,* and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 15, 2018**

Appellant, Clifford Lennox Caldwell, Jr., appeals from the judgment of sentence imposed following his bench trial conviction of Driving Under the Influence (DUI) - Unsafe Driving/Controlled Substance.  Appellant challenges the admission of a response he made to a hospital intake nurse in a pre-screening interview, that he was taking oxycodone.  He also challenges the sufficiency of the evidence.  We affirm.

We derive the facts of the case from the trial court's opinion and our independent review of the record.  The trial court found the following facts:

> On March 9, 2015, [Appellant] was involved in a [two-] car accident early in the morning [at 4:53 a.m.].  [Jenkintown] Police

---

* Retired Senior Judge assigned to the Superior Court.

[Officer David Sangree] arrested [him] for [three counts of] DUI -Controlled Substances. On August 11, 2016, a Motion to Suppress Hearing was held, and on September 6, 2016, that Motion was granted in part and denied in part. Evidence seized as a result of the blood draw from [Appellant] and statements from the administration of the DL-26 form were suppressed pursuant to **Birchfield v. North Dakota**, 136 S. Ct. 2160 [ ] (2016). [Appellant's] Motion to Suppress the statement made to hospital personnel was denied. On November 30, 2016, after a bench trial, [Appellant] was found guilty of one count, DUI- Unsafe Driving/Controlled Substance [75 Pa.C.S.A. § 3802(d)(2)], and sentenced to fifteen days to six months incarceration. On December 14, 2016, this timely notice of appeal was filed.

(Trial Court Opinion, 2/24/17, at 1).[1]

Additionally, we note that Officer Sangree testified that he chose not to have Appellant perform any field sobriety tests, in part because the sidewalk was icy and slippery from recent snow. (**See** N.T. Trial, 11/30/16, at 33). However, Officer Sangree arrested Appellant at the accident scene, and escorted him to the hospital for a blood draw, based on his training, experience and observation that he (Appellant) exhibited signs of drug impairment, including bloodshot, glassy eyes, unsteady gait, slurred, impaired speech and incoherent, sometimes incomprehensible responses to questions asked, as well as the collision itself. (**See id.** at 31-34).

Furthermore, the trial court accepted Donna Papsun as an expert in the field of forensic toxicology, without objection. (**See id.** at 46-47). Ms. Papsun

_____

[1] Appellant filed a concise statement of errors on February 2, 2017. The trial court filed its opinion on February 24, 2017. **See** Pa.R.A.P. 1925.

testified to a reasonable degree of scientific certainty that the behaviors exhibited by Appellant, as testified to by Officer Sangree, were consistent with the effects of a central nervous system (CNS) depressant, such as oxycodone. (*See id.* at 51-53).

Appellant exercised his constitutional right not to testify. (*See id.* at 58). After presenting one character witness, the defense rested. In final argument, defense counsel suggested that Appellant's incoherent responses might just have been a result of being in a crash, (*see id.* at 60), or the police officer's misinterpretation of Appellant's North Carolina accent) (*see id.*, at 61). The trial court found Appellant guilty of DUI-controlled substance (count three), (*see id.* at 72), and sentenced him to a term of incarceration of not less than fifteen days and not more than six months, (*see id.* at 83).[2]

On appeal, Appellant presents two questions for our review:

> 1. Whether the trial court committed an error of law and/or abused its discretion in denying Appellant's motion to suppress his statement provided to the nurse taking his blood sample and overheard by the arresting officer insofar as the [statement] constitutes fruit of the poisonous tree where the Appellant would not have been in the position to make such a statement had the officer not taken him into custody for the purposes of a blood draw that was concededly[3] unconstitutional pursuant to ***Birchfield***[,

---

[2] The Commonwealth did not proceed on counts one and two, so no further penalty was imposed on those counts. (***See*** N.T. Trial, at 85).

[3] At the hearing on the defense's motion to suppress, the Commonwealth conceded, for purposes of this case, that Appellant's blood sample would be suppressed pursuant to ***Birchfield***, ***supra***. (***See*** N.T. Motion to Suppress, 8/11/16, at 3).

J-A29029-17

*supra*,] and insofar as the Appellant was subjected to a custodial interrogation by the Commonwealth agent (nurse) without having been provided his ***Miranda***[4] warnings[?]

   2. Whether [Appellant's] conviction for driving under the influence was supported by legally sufficient evidence of impairment [?]

(Appellant's Brief, at 7) (unnecessary capitalization omitted).[5]

In his first issue, Appellant argues that his statement to the intake nurse should have been suppressed as "fruit of the poisonous tree."[6]  (***See id.*** at 26).   He maintains that the nurse was acting as an agent of the Commonwealth and that her question to him (which resulted in his statement

---

[4] ***See Miranda v. Arizona***, 384 U.S. 436 (1966).

[5] We observe that in Appellant's brief, among numerous procedural errors, counsel fails to abide by either the letter or the spirit of Pennsylvania Rule of Appellate Procedure 2116.  Rule 2116 provides in relevant part that "[t]he statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."  Pa.R.A.P. 2116(a) (emphasis added).  Furthermore, counsel failed to include "an answer stating simply whether the court . . . agreed, disagreed, did not answer, or did not address the question."  ***Id.*** Counsel also failed to comply with Rule 2117, which provides in pertinent part that the Statement of the Case be "[a] closely condensed chronological statement", with "[a]**ll argument to be excluded**."  Pa.R.A.P. 2117 (emphasis in original).  The Table of Contents does not correspond to the respective sections of the brief.  ***See*** Pa.R.A.P. 2174.  The Summary of the Argument extends to three pages.  ***See*** Pa.R.A.P. 2118 **Note**: "Although the page limit on the summary of the argument was eliminated in 2013, verbosity continues to be discouraged.  The appellate courts strongly disfavor a summary that is not concise."

[6] ***See Wong Sun v. United States***, 371 U.S. 471 (1963).

- 4 -

to her that he was taking oxycodone, overheard by the investigating officer), was designed to extract incriminating evidence from him. (*See id.*). We disagree.

Our standard of review is well-settled.

> Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Reppert*, 814 A.2d 1196, 1200 (Pa. Super. 2002) (en banc) (citations and quotation marks omitted).

Here, counsel for the defense declined to present any evidence at the suppression hearing. (*See* N.T. Motion to Suppress, at 17). Therefore, the evidence of the Commonwealth remains uncontradicted. *See Reppert, supra* at 1200.

Preliminarily, we observe that in its opinion, the trial court expressly disclaimed reliance on the statement by Appellant that he had taken oxycodone. (*See* Trial Ct. Op., at 12 n.2). Instead, the trial court relied on the testimony of investigating Officer Sangree and forensic toxicologist Ms. Papsun. (*See id.*). Accordingly, we conclude that Appellant's objection to the admission of the response he gave to the intake nurse is moot.

> A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. Stated differently, [a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Commonwealth v. Nava*, 966 A.2d 630, 632–33 (Pa. Super. 2009) (citations and quotation marks omitted).

In its opinion, the trial court confirmed that Appellant's statement that he had taken oxycodone "was **not relevant** to the [c]ourt's finding of [g]uilt." (Trial Ct. Op., at 12 n.2) (emphasis added).

Therefore, on appeal, the exclusion of the statement could not have any practical effect on the existing controversy, where the trial court had already disregarded the contested statement as irrelevant to the verdict. *See Commonwealth v. Brown*, 476 A.2d 969, 971 (Pa. Super. 1984) ("Thus, in light of the trial judge's express statement that he looked exclusively to the evidence 'without any reference to any other question' dealing with appellant's arrest record in rendering his verdicts, appellant's claim cannot prevail.") (citation omitted).

"It is well established that appellate courts in Pennsylvania will not ordinarily decide moot questions. Moreover, a question raised on appeal may become moot by events which occur after the appeal was filed." *Commonwealth. v. Kelly*, 418 A.2d 387, 388 (Pa. Super. 1980) (citations omitted). "The existence of an actual controversy is an essential to appellate jurisdiction. For this reason, if pending an appeal an event occurs which

- 6 -

renders it impossible for the appellate court to grant any relief the appeal will be dismissed." ***Commonwealth ex rel. Watson v. Montone***, 323 A.2d 763, 765 (Pa. Super. 1974) (citations and internal quotation marks omitted). Accordingly, we dismiss Appellant's first claim as moot. Moreover, it would not merit relief.

Appellant baldly asserts that the intake nurse was the agent of the Commonwealth. (***See*** Appellant's Brief, at 26). Appellant offers no authority in support of this initial claim. (***See id.***). Later, Appellant repeats the claim. (***See id.*** at 36). This second time, he cites ***Commonwealth v. Seibert***, 799 A.2d 54, 63 (Pa. Super. 2002). (***See id.***).

Appellant's reliance is plainly misplaced. The only remotely comparable issue addressed in ***Seibert*** is whether the hospital in that case drew blood at the direction of the state trooper or not, a fact not at issue in the appeal now before us. In any event, the ***Seibert*** Court decided that when a hospital withdrew an appellant's blood on its own initiative for its own purposes, the withdrawal of the blood did **not** implicate the appellant's Fourth Amendment rights. ***See Seibert***, ***supra*** at 63.

We recognize that under existing caselaw, if a nurse (or other medical practitioner) provides blood samples or medical reports to law enforcement, this Court has previously decided that the provider then acts as an agent of the police. ***See Commonwealth Franz***, 634 A.2d 662, 663-64 (Pa. Super. 1993); ***Commonwealth v. Cieri***, 499 A.2d 317, 321 (Pa. Super. 1985).

However, if the medical provider, in pre-screening a patient about his (or her) medical condition—as found here by the suppression court—is **not** acting at the direction of the police, the agency rationale is no longer applicable.  (***See*** Trial Ct. Op., at 4).

Here, the nurse asked Appellant a series of questions—not only the medication question emphasized by Appellant—designed on their face to elicit relevant, appropriate, general medical information:  "Are you injured in any way?  Do you need to see a doctor?  Are you on any medication?"  (Trial Ct. Op., at 4 (quoting N.T. Motion to Suppress, at 11)).

We find pertinent authority in ***Commonwealth v. Williams***, 410 A.2d 880 (Pa. Super. 1979), cited by the trial court.  (***See*** Trial Ct. Op., at 6).  In ***Williams***, this Court decided that the attending physician who questioned the appellant concerning the cause of his wound (to determine if he needed to probe the wound for a bullet or other foreign material), was **not** acting as an agent of the police, (and ***Miranda*** warnings were not required).  Although the physician in ***Williams*** testified that the police had asked him to "find out what happened," he nevertheless repeatedly testified that he did not act on the promptings of the police, but asked the appellant only those questions necessary for the proper treatment of  his wound.  ***Williams***, ***supra*** at 884.

Here, we conclude that the suppression court properly determined that the nurse's questions were calculated to determine if Appellant required (or

wanted) medical treatment.[7]  The record supports the court's findings.  Even if the first issue were not moot, Appellant's claim would not merit relief.

In his second issue, Appellant challenges the sufficiency of the evidence. (*See* Appellant's Brief, at 7).  He argues that "[e]ven if this Court does not suppress the statement, the evidence would still not be sufficient to find [A]ppelant guilty of DUI[.]"  (*Id.* at 22).  He maintains that "there was no evidence presented from which the trial court could have determined whether there was a detectable amount of any controlled substance in Appellant's blood."  (*Id.* at 22-23).  Appellant's claim does not merit relief.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.  Significantly, we may not substitute our judgment for that of the fact finder; thus, so

---

[7] It bears noting that the victim of the collision, Marie Ranochak, was also transported to a hospital.  (*See* N.T. Trial, at 23).

long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Pettyjohn***, 64 A.3d 1072, 1074-75 (Pa. Super. 2013) (citations, internal quotation marks, and other punctuation omitted). "Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. LaBenne***, 21 A.3d 1287, 1289 (Pa. Super. 2011) (citations omitted).

In this case, the trial court found Appellant guilty of DUI−Unsafe Driving/Controlled Substance, 75 Pa.C.S.A. § 3802(d)(2), which provides, in pertinent part, that:

> **(d) Controlled substances.−**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> *     *     *
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

Appellant maintains that the victim, Ms. Ranochak, actually "caused the accident because either her breaks (sic) were defective or she slid on the ice." (Appellant's Brief, at 40). Contrary to the finding of the trial court, that Ms. Ranochak testified credibly that she had the green light, Appellant posits that

- 10 -

Ms. Ranochak actually had a red light. (**Compare** Appellant's Brief, at 40 **with** Trial Ct. Op., at 9, 11).

Appellant misapprehends our standard of review, which views all evidence in the light most favorable to the Commonwealth as verdict winner, and defers to the trial court on assessment of credibility. **See Pettyjohn**, **supra** at 1074-75; **LaBenne**, **supra** at 1289. Appellant's restatement of the evidence in a light more favorable to himself invites us to engage in an impermissible re-weighing of the evidence. We decline to do so. This is a court of error correction. Weighing the evidence was the province of the trial court, sitting as fact finder.

We note that the trial court found the victim, Marie Ranochak, and the responding officer, David Sangree, to be credible witnesses. (**See** Trial Ct. Op., at 11). Conversely, the court found the argument of Appellant, that the investigating officer misinterpreted his North Carolina accent as incoherence, to be incredible. (**See id.**). It is the province of the trial court, sitting as factfinder, to weigh the evidence, and assess credibility. **See LaBenne**, **supra** at 1289. "Furthermore, it is axiomatic that appellate courts must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor first-hand." **Commonwealth v. O'Bryon**, 820 A.2d 1287, 1290 (Pa. Super. 2003) (citation omitted).

Viewing all the evidence in the totality of circumstances and in the light most favorable to the Commonwealth as verdict winner, together with all

reasonable inferences, we have no difficulty in concluding that there was more than sufficient evidence to convict Appellant.

Judgment of sentence affirmed. Appellant's suppression claim dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/18