459 A.2d 715

**COMMONWEALTH of Pennsylvania**

v.

**Richard CANADY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 22, 1982.

Decided Dec. 29, 1982.

John C. Anderson, Philadelphia (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., David DaCosta, Asst. Dist. Attys., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Richard Canady appeals from judgments of sentence imposed by the court upon a jury's verdicts of guilty of murder of the second degree and involuntary deviate sexual intercourse.[1] Appellant seeks a new trial on the basis of several claims of evidentiary and trial error. We reject appellant's contentions and affirm.

■ Appellant's first contention—that an inculpatory statement which he made to police on January 18, 1977, was the product of an arrest made without probable cause and hence inadmissible—is not substantiated by the record. At the time of appellant's arrest, police had found the body of the victim, a sixteen year-old boy, who had disappeared on

---

1. Appellant was sentenced to consecutive terms of life imprisonment for murder of the second degree and five to ten years for involuntary deviate sexual intercourse.

December 25, 1976. The body bore marks of sexual abuse. From investigation, which included interviews with appellant and the victim's family, police knew that appellant and the victim had been together during the evening of the victim's disappearance and had been last seen together at midnight. Members of the victim's family had informed police that appellant had called them several times to inquire concerning the victim's whereabouts. In addition, the victim's cousin had told police of an unsuccessful sexual advance that appellant had once made toward the victim. This evidence, together with the fact that police knew that appellant had twice previously been convicted for sexually-related assaults on teenage boys, amply supports the suppression court's finding of probable cause.[2]

Appellant's second claim of error relates to a confession signed by appellant and introduced by the Commonwealth at trial. Appellant alleges that he never made the inculpatory statements contained in the confession, but that he signed the confession because of police coercion. At the hearing on appellant's suppression motion, appellant testified that he had been severely beaten and had sustained a cut above his eye during his interrogation. Appellant also presented testimony that while in custody after his arrest he had related the same claim to a public defender, his brother and a member of the staff of a police abuse project. The court discredited appellant's evidence and chose, instead, to credit testimony by police that appellant's injuries had been self-inflicted. The court thus concluded that the Commonwealth had met its burden of establishing the voluntariness of appellant's confession by a preponderance of the evidence. See *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

In reviewing a suppression court's determination in favor of the Commonwealth, this Court accepts "only the

2. In a related claim, appellant contends that he was subject to a prior illegal arrest on January 14, 1977. Contrary to appellant's contention, the record establishes that appellant contacted police and voluntarily went to police headquarters, where, after receiving *Miranda* warnings, he made an exculpatory statement.

evidence of the prosecution's witnesses and so much of the evidence for the defense as fairly read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Brown,* 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977). Under this standard, the suppression court's decision must be sustained.[3]

■ In his third claim of error, appellant contends that the prosecutor improperly suggested that appellant had been convicted of a prior crime by asking whether the reason that he had been a patient in a mental institution was because he had been "a sexual offender." Appellant's confession, which was admitted into evidence before the jury, graphically described appellant's prior sexual relationships with younger boys. We are satisfied that the prosecutor's passing reference, which did not refer to any specific incident or criminal conviction, cannot form a basis for relief. See *Commonwealth v. Story,* 476 Pa. 391, 410, 383 A.2d 155, 164 (1978).

■ Appellant's fourth claim of error challenges the trial court's refusal to declare a mistrial when the prosecutor asked appellant if he was a homosexual. As appellant's confession, in which appellant admitted homosexual activities, was already in evidence, this claim, too, must be rejected.

Because none of appellant's claims either individually or collectively merit relief, the judgments of sentence must be affirmed.

Judgments of sentence affirmed.

---

**3.** Judicial review, by either the suppression court or appellate courts, of claims such as appellant's often centers on a swearing contest between defendant and police. A number of commentators, including law enforcement officials, have advocated the tape recording of custodial interrogations as a procedure which would aid police investigations, protect police against frivolous claims of abuse, and make judicial review of the voluntariness of in-custody statements more meaningful. See O'Hara, Fundamentals of Criminal Investigation (1st ed. 1956). See also Kamisar, Police Interrogation and Confessions (1980); Model Code of Pre-Arraignment Procedure § 130.4, Note at 39 (Official Draft 1975); Uniform Rules of Criminal Procedure Rule 243 (Approved Draft 1974).