481 A.2d 851

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William H. BERKHEIMER, Appellant.**

Supreme Court of Pennsylvania.

Argued April 13, 1984.

Decided Sept. 19, 1984.

Vincent Couchara, Norristown, for appellant.

Ronald T. Williamson, Chief, Appeals Div., Joseph J. Hylan, Norristown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On May 4, 1979 William Berkheimer, after a jury trial in the Court of Common Pleas of Montgomery County, Criminal Division, was found guilty of voluntary manslaughter, recklessly endangering another person, possession of an instrument of crime and violation of the uniform firearms act. This conviction arose in connection with the fatal shooting of one Glenn Scott in the parking lot of a bar in Pottstown, Pennsylvania on September 15, 1978. On June 23, 1980 the trial court imposed a sentence of five to fifteen years. On July 21, 1980 Berkheimer appealed to this Court from the judgment of sentence (Berkheimer I), raising eleven assignments of error. In Berkheimer I, we addressed two of these issues: we held that the evidence was sufficient to sustain the conviction, but vacated the judgment of sentence and remanded the case to the Court of Common Pleas for an evidentiary hearing on the question of whether one Thomas Brown—a Commonwealth witness and Berkheimer's cellmate—was a police agent at the time he

talked with Berkheimer and allegedly obtained incriminating admissions, to which Brown testified at trial. 501 Pa. 85, 460 A.2d 233. If Brown was a police agent within the meaning of *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) his testimony must be suppressed and a new trial granted. In addition to the remand, we noted that nine additional issues raised in Berkheimer I, while unaddressed in that Opinion, would be preserved for review should another appeal result.

On August 24, 1983 the Court of Common Pleas of Montgomery County conducted an evidentiary hearing as directed by our Opinion in Berkheimer I. It determined that Brown was not a police agent at the time he received inculpatory admissions from Berkheimer and reinstated the judgment of sentence. This appeal, Berkheimer II, followed. Berkheimer now challenges not only the determination of the Court of Common Pleas on remand as to Brown's status as a police agent, but also raises anew the remaining issues presented but not addressed in Berkheimer I.

Inasmuch as the remand required the trial court to conduct a suppression hearing, we are governed by the following standard of review:

> In reviewing a suppression court's determination in favor of the Commonwealth, this Court accepts "only the evidence of the prosecution's witnesses and so much of the evidence for the defense as fairly read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Brown*, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977).

*Commonwealth v. Canady*, 500 Pa. 624, 627–8, 459 A.2d 715, 716 (1982). In *Commonwealth v. Johnson*, we added:

> If, when so viewed, the evidence supports the factual findings we are bound by such findings; we may only reverse if the legal conclusions drawn therefrom are in error.

467 Pa. 146, 152, 354 A.2d 886, 889 (1976). On remand, the trial court heard testimony from four police officers, the

assistant district attorney in charge of the first trial, Brown, Berkheimer, and Mr. Couchara, Berkheimer's counsel. The Commonwealth's evidence was and the trial court found as fact that Brown's aid was not solicited by the police or the district attorney, that no promises were made to Brown, and that he received no benefit in return for his testimony. Furthermore, although defense counsel testified that Brown told him that Brown's aid was solicited by the police, the court found as fact that Brown's statement to defense counsel was a fabrication. We are constrained, under the applicable standard of review, to affirm the trial court's determination.

In addition, we have reviewed each of the remaining nine assignments of error,* and find them without sufficient merit to warrant reversal. Accordingly, judgment of sentence is affirmed.

HUTCHINSON, J., filed a Concurring Opinion which PAPADAKOS, J., joined.

NIX, C.J., dissents.

HUTCHINSON, Justice, concurring.

In his omnibus pre-trial motion, appellant sought to suppress his cellmate Brown's trial testimony as to incriminating admissions the appellant made to him. Appellant con-

---

* The nine issues reviewed are (1) the trial court erred in not admitting the testimony of a defense witness as to prior inconsistent statements of Mr. Brown; (2) it was error to admit into evidence the .22 calibre ammunition found in appellant's home; (3) all evidence obtained as a result of searches conducted pursuant to warrants should have been suppressed because the affidavits in support of the warrants contained misstatements of material fact; (4) it was error to admit hearsay evidence of Mr. Herrlinger, a Commonwealth witness; (5) the pathologist should not have been permitted to testify as to a conclusion of homicide when his testimony was in part based on hearsay information supplied by the police; (6) it was error to allow the wife of the decedent to testify because she was not sequestered as were other witnesses pursuant to a sequestration order; (7) a juror should have been struck when it was discovered that the juror's wife sat next to decedent's wife and/or relatives during trial; (8) the sentence was improper because the court failed to place various sentencing alternatives on the record as provided by the sentencing code; (9) the sentence of the court was unduly harsh.

tended that Brown was a police agent planted to obtain incriminating information against him, in violation of appellant's Sixth Amendment rights as first set forth in *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and further expounded in *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980).

He raised this issue in the following terms in paragraphs 15 and 16 of his omnibus pre-trial motion:

15. The Commonwealth alleges that the defendant has made certain oral statements to their Agent/Informant, Thomas O. Brown, which the defendant believes the Commonwealth will offer into evidence against him at his trial.

16. Said alleged oral statements were illegally obtained in that:

(A) They were obtained by deceit and entrapment and without informing the defendant of his right to remain silent, and have his counsel present which is in violation of the defendant's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments [sic] to the United States Constitution and the Pennsylvania Constitution. (*See Winston Massiah v. United States*, 337 [377] U.S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246] (1964).

At the suppression hearing the detective who first interviewed the informant Brown testified unequivocally that he had never had contact with Brown until October 2 and that that contact was at Brown's request. The court refused to suppress Brown's testimony as to his conversations with appellant. Subsequently during the trial, defense counsel learned that this detective had in fact visited Brown at the prison on September 26, 1978. He then attempted to reopen the suppression hearing, but the court refused to do so because that evidence was in prison records available to defense counsel at the time of the suppression hearing.

On appeal to us we decided that the Sixth Amendment issue was of sufficient import to warrant a further evidentiary hearing on the issue of whether Brown was a Commonwealth agent and we remanded the case for that pur-

pose. Since this remand amounted to nothing more than a retrial of the suppression issues our scope of review is defined by the standards governing review of a suppression court's findings of fact. If the suppression court has determined that the evidence is admissible, this Court will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as fairly read in the context of the record as a whole remains uncontradicted. *Commonwealth v. Brown*, 473 Pa. 562, 375 A.2d 1260 (1977). Under this standard questions of credibility are left to the suppression court. *See Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980).

The defense evidence that detectives visited the informer September 26, 1978, and that he spoke with them about appellant is now uncontradicted. The prosecution witnesses testified that they did not ask the informer, Brown, for any information, seek his cooperation, or offer him any reward or promise for information, but that they did respond to his relayed request for an interview October 2, 1978, and on that date took further statements concerning appellant's admissions. There is no evidence distinguishing those statements appellant gave Brown prior to September 26 from those statements appellant gave him after that date but before October 2. Thus, considering the evidence under the standards governing suppression matters, the facts are that Brown spoke to detectives about defendant's role in this homicide and on September 26 Brown had an audience with detectives investigating this crime and offered his services as an informant, in return for favorable treatment within the penal system. No express agreement to accept that offer was made by any official, but the informer was returned to the same cell he had previously occupied with defendant. Less than a week later, on October 2, detectives again responded to a request from Brown and met with him a second time. At this meeting, appellant's role in this homicide was again discussed and statements of appellant's incriminating admissions to Brown were taken by the detectives.

Under the teaching of *Massiah v. United States, supra,* as expanded upon in *Henry, supra,* it seems to me that it would be the Commonwealth's burden to show by a preponderance of the evidence which of appellant's statements to the informer were given before the informer became an agent, if he had in fact become a government agent on September 26. I do not believe, however, that Brown became an agent under controlling federal constitutional law simply because the state returned him to appellant's cell knowing that he wanted to broker information from appellant.[1] Thus, under the suppression court's findings, the Commonwealth did not violate *Henry* when it returned Brown to appellant's cell on September 26.

In the light of the testimonial contradictions of the Commonwealth witnesses which this record shows, I must confess to being somewhat more skeptical than the trial court about the Commonwealth's testimony that the officer merely listened to Brown on September 26, elicited no conversation and made no promises. However, as previously stated, this Court must accept the suppression court's finding on credibility. *Commonwealth v. Davis, supra.* This is properly so because the suppression court has the unique opportunity to observe the witnesses. Therefore, since I believe the Sixth Amendment as expounded in *Henry* does not require an inference that a would-be government agent

---

**1.** In *Henry,* Nichols, a paid informant, had been *told* by government agents to be alert to any statements made by federal prisoners. Nichols later reported he had engaged Henry in an incriminating conversation. The *Henry* Court held that by intentionally creating a situation likely to induce Henry to make incriminating statements without the assistance of counsel, the government violated Henry's Sixth Amendment rights to counsel. In the instant case Brown was not a paid informant nor was he under instructions to do anything for the government. I do not believe the mere act of returning Brown to appellant's cell after he had offered to obtain information from appellant establishes the government's intention to create a situation likely to induce appellant to make incriminating statements. The Commonwealth's testimony, if believed, would tend to prove that the government did not induce or in any way agree to Brown's offer to obtain information. Absent such agreement or inducement, I am unwilling to conclude that the suppression court erred in admitting Brown's testimony.

becomes one without approaching the government, offering information, and asking a reward for that information, our standards governing the scope of appellate review require an affirmance of the trial court. *Commonwealth v. Davis, supra.* I see no reason to afford a defendant broader protection under the analogous provision in Article I, Section 9 of our Pennsylvania Constitution.

PAPADAKOS, J., joins in this Concurring Opinion.