**COMMONWEALTH of Pennsylvania**

v.

**Lori LASSITER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1997.

Filed June 20, 1997.

Norris E. Gelman, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge Emeritus, and JOHNSON and HUDOCK, JJ.

CIRILLO, President Judge Emeritus:

Lori Lassiter appeals from an order of the Court of Common Pleas of Philadelphia County denying her petition filed under the Post Conviction Relief Act [PCRA]. 42 Pa. C.S.A. § 9541 *et seq.* We affirm.

William "Ricky" Carter owed money to Lori Lassiter. In order to pay the debt, Carter and Lassiter conspired to rob a cab driver. During the course of the robbery, the cab driver was shot and killed.

The prosecution agreed to refrain from seeking the death penalty in Lassiter's case if she agreed to waive her right to a jury trial. Lassiter agreed. Following a non-jury trial, Lassiter was convicted of second-degree murder, criminal conspiracy, robbery and possession of an instrument of crime. The court sentenced Lassiter to life imprisonment for second-degree murder, with concurrent terms of imprisonment of five to ten years for criminal conspiracy and two and one-half to five years for possession of an instrument of crime.

Lassiter filed a *pro se* petition for relief under the Post Conviction Relief Act. 42 Pa.C.S.A. § 9541 *et seq.* Thereafter, court-appointed counsel amended the petition. The petition was denied and Lassiter appealed to this court. On appeal, Lassiter raises two issues for our review:

1. Was trial counsel ineffective for failing to insure a proper waiver of jury trial colloquy because he allowed the Commonwealth to coerce a waiver of appellant's right to trial by jury by threatening her with the death penalty should she insist on a jury trial, but foregoing the death penalty should she proceed on a waiver?

2. Was trial counsel ineffective for failing to realize that appellant was not death eligible and that the Commonwealth lacked any aggravating circumstance in this case and, accordingly, the waiver of the jury trial right was predicated upon an erroneous assumption and could never be found to be intelligent?

 On appeal from the denial of PCRA relief, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Blackwell,* 436 Pa.Super. 294, 647 A.2d 915 (1994). The findings of the post-conviction court will not be disturbed unless they have no support in the record. *Id.*

Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.*; *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The same showing of prejudice must be made by an appellant whether on direct appeal from a judgment of sentence or

on appeal from denial of PCRA relief. *Commonwealth v. Kimball,* 453 Pa.Super. 193, 683 A.2d 666 (1996) *(en banc ).*

Underlying both issues on appeal is whether Lassiter could legally be sentenced to the death penalty. Lassiter first contends that waiver of her right to a jury trial is not voluntary when motivated by avoidance of the death penalty. This argument has been considered and rejected by the Pennsylvania Supreme Court. *See Commonwealth v. Bhillips,* 475 Pa. 427, 380 A.2d 1210 (1977), *cert. denied,* 439 U.S. 1067, 99 S.Ct. 832, 59 L.Ed.2d 32 (1979).

In *Bhillips,* the defendant argued that the waiver of his right to a jury trial was coerced because of the fear of a possible death penalty. The Pennsylvania Supreme Court disagreed, stating that this allegation was insufficient to establish that the waiver was unknowing or involuntary. *Id.* at 432–34, 380 A.2d at 1213. The *Bhillips* Court relied upon the United States Supreme Court's decisions in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) and *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In *Alford,* the Court stated:

> We held in *Brady v. United States,* ... that a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment.... That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advise was that the plea would be to the defendant's advantage.

*Alford,* 400 U.S. at 31, 91 S.Ct. at 164.

*Brady* and *Alford* dealt with guilty pleas, not jury trial waivers. The Pennsylvania Supreme Court, however, applied the United States Supreme Court's reasoning, stating: "[A] guilty plea contains a waiver of jury trial plus much more. Any reasoning concerning a guilty plea would thus be applicable to a

situation where fewer constitutional rights are involved." *Bhillips,* 475 Pa. at 431 n. 4, 380 A.2d at 1212 n. 4. *See Commonwealth v. Nickol,* 476 Pa. 75, 381 A.2d 873 (1977)(rejecting defendant's claim that his right to a jury trial was impermissibly chilled by fear of the death penalty; the court held that *Bhillips* controlled); *see also Commonwealth v. Glover,* 266 Pa.Super. 531, 405 A.2d 945 (1979)(court rejected defendant's argument that jury trial waiver was involuntary because it was motivated by fear of the death penalty). *Cf. Commonwealth v. Melton,* 465 Pa. 529, 539–40, 351 A.2d 221 (1976)(Pennsylvania Supreme Court adopted *Brady* and *Alford* reasoning to reject defendant's argument that his confession was coerced by fear of the death penalty; "the mere fact that he alleges that it was induced by fear of the imposition of the death penalty by a supposedly 'hanging jury' is, by itself insufficient to vitiate the plea."); *Commonwealth v. Barnes,* 455 Pa.Super. 267, 687 A.2d 1163 (1996) (well reasoned decision to plead guilty to avoid death penalty is valid as long as guilty plea is entered knowingly and voluntarily).

Lassiter also claims that she could not be sentenced to death because she did not physically commit the murder. She contends that only the "triggerman" is eligible for the death penalty.

The death penalty may be imposed when aggravating circumstances exist. 42 Pa. C.S.A. § 9711. Killing while perpetrating a felony is an aggravating circumstance as defined in 42 Pa.C.S.A. § 9711(d)(6). The Pennsylvania Supreme Court has held that not only may an accomplice be sentenced to death, but the death penalty may be imposed even when the triggerman receives a lesser penalty. *See Commonwealth v. Haag,* 522 Pa. 388, 408, 562 A.2d 289 (1989); *see also Commonwealth v. Chester,* 526 Pa. 578, 614–15, 587 A.2d 1367, , *cert. denied,* 502 U.S. 959, 112 S.Ct. 422, 116 L.Ed.2d 442 (1991); *Commonwealth v. Frey,* 504 Pa. 428, 444, 475 A.2d 700, (1984), *cert. denied,* 469 U.S. 963, 105 S.Ct. 360, 83 L.Ed.2d 296 (1984).

Lassiter and Carter conspired to rob a taxicab driver to settle a debt. Lassiter approached the cab first and waited for Car-

ter to arrive. After Carter shot the driver, Lassiter assisted Carter in dragging the body away from the cab; they then completed the robbery.

█ Clearly, Lassiter and Carter were conspirators. *See* 18 Pa.C.S.A. § 306. Lassiter, therefore, is liable for Carter's murderous actions. *Haag, supra.* The bargain between the prosecution and Lassiter was based on the proper assumption that Lassiter could be sentenced to death as an accomplice had she been convicted of first-degree murder. Lassiter's counsel, therefore, will not be found ineffective for failing to object to the use of the death penalty in the bargaining process. *Johnson, supra; Haag, supra.* The post-conviction court's finding are legally correct and supported by the record. *Blackwell, supra.*

Order affirmed.