J-S56037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD LEHMAN, | |
| Appellant | No. 103 MDA 2014 |

Appeal from the PCRA Order January 7, 2014
in the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0000309-2010

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 05, 2014**

Appellant, Richard Lehman, appeals from the order of January 7, 2014, which denied his counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 10, 2011, Appellant waived his right to a jury trial. In exchange, the Commonwealth agreed not to seek the death penalty and withdrew its July 1, 2010 Notice of Aggravating Factors. On March 10, 2011, the court convicted Appellant of two counts of murder in the first degree and possessing instruments of crime, for the March 21, 2010 deaths of his wife and son.[1] On April 5, 2011, the court sentenced Appellant to two

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2502(c) and 907(a), respectively.

consecutive terms of life imprisonment plus costs and fines. (**See** Order, 4/5/11, at 1-2; N.T. Sentencing Hearing, 3/24/11, at 4).

Appellant timely filed a direct appeal on April 21, 2011. On January 20, 2012, this Court affirmed the judgment of sentence. (**See Commonwealth v. Lehman**, 43 A.3d 524 (Pa. Super. 2012) (unpublished memorandum)). Appellant sought leave to appeal to the Pennsylvania Supreme Court on February 2, 2012, which was denied on July 16, 2012. (**See Commonwealth v. Lehman**, 48 A.3d 1247 (Pa. 2012)).

On July 12, 2013, Appellant filed the instant counseled PCRA petition. The court held a hearing and ultimately denied relief on January 7, 2014 with an accompanying opinion. Appellant timely appealed on January 15, 2014.[2]

Appellant raises the following question for our review:

> Whether the [PCRA] court erred in denying [Appellant's] PCRA motion on the ground that there was no arguable merit to his claim that counsel was ineffective when he failed to discuss the history of the death penalty in Pennsylvania—including that nobody sentenced to death has actually been put to death against his or her will since the death penalty was reinstated in the 1970s—before advising him to surrender his right to a jury trial so that he could avoid the death penalty?

(Appellant's Brief, at 4).

---

[2] Pursuant to the PCRA court's order, Appellant filed a Rule 1925(b) statement on January 24, 2014. The court entered its Rule 1925(a) opinion on February 6, 2014 relying on the reasons stated in its January 7, 2014 opinion. **See** Pa.R.A.P. 1925.

Our standard of review is well-settled:

> When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543. Cognizable claims include those that allege ineffectiveness of counsel that undermined the truth-determining process. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii).

Appellant asserts that he received ineffective assistance of counsel based on his failure to inform Appellant that no one sentenced to death has been put to death against their will since 1976. (***See*** Appellant's Brief, at 10). We disagree.

It is well-settled that "[a] criminal defendant has the right to effective counsel during . . . trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, counsel is presumed effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012).

A PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***See Strickland v. Washington***, 466 U.S. 668, 687 (1984). Pennsylvania has further refined

the **Strickland** test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. **See Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the **Pierce** test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Moreover, deference is given to the PCRA court's credibility determination if supported by the record. **See Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014).

Where, as here, Appellant waived his right to a jury trial, counsel can be found ineffective "when 1) counsel interferes with his client's freedom to decide to waive a jury trial . . . or 2) appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right." **Commonwealth v. Boyd**, 334 A.2d 610, 617 (Pa. 1975). However, all that is required for a valid jury trial waiver is that a defendant is informed "that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." **Commonwealth v. Mallory**, 941 A.2d 686, 696-97 (Pa. 2008), *cert. denied*, 555 U.S. 884 (2008) (citations omitted).

Here, the record shows that Appellant signed a written jury trial waiver and engaged in an oral colloquy with the trial court. (**See** Written Waiver of Jury Trial, 1/10/11, at 1; N.T. Waiver of Jury Trial Hearing, 1/10/11, at 2-8).

- 4 -

Appellant testified that he understood that a jury would be chosen from members of the community, the verdict had to be unanimous, and that he would be allowed to participate in the selection of the jury. (**See** N.T. Waiver of Jury Trial Hearing, 1/10/11, at 3).

Moreover, the PCRA court found that Appellant's trial counsel credibly testified that he met with Appellant and thoroughly discussed the aggravating circumstances asserted by the Commonwealth. (**See** Trial Court Opinion, 1/07/2014, at 5; N.T. PCRA Hearing, 10/21/13, at 21-28).[3] "Counsel also discussed with [Appellant] the availability of mitigating circumstances, including potential psychiatric mitigation." (Trial Ct. Op., at 5; **see also** N.T. PCRA Hearing, 10/21/13, at 22).

The PCRA court also found that:

> [c]ounsel shared with [Appellant] his belief that the Commonwealth had a very strong case for a first degree murder conviction and thoroughly discussed the sentencing alternatives

---

[3] On July 1, 2010, pursuant to Pa.R.Crim.P. 802:

> [t]he Commonwealth provided notice of aggravating circumstances, 42 Pa. C.S.A. § 9711(d)(5) ([wife] was a prosecution witness killed for preventing testimony against [Appellant]); (d)(7) ([Appellant] knowingly created a grave risk of death to another person); (d)(10) (at the time of the offense, [Appellant] committed another crime for which a sentence of life imprisonment was imposable); (d)(11) ([Appellant] committed another murder at the time of the offense at issue); and (d)(12) ([Appellant] convicted of voluntary manslaughter committed at the time of the offense at issue).

(Trial Ct. Op., at 5 n.3).

in the event such a conviction occurred. Notably, counsel spoke with [Appellant] about his age, his health, and the statutory distinction in state correctional institution prisoner classification for those serving a life sentence as compared to those on death row.

(Trial Ct. Op., at 5 (citation omitted); *see also* N.T. PCRA Hearing, 10/21/13, at 28-30, 33-34, 39).

[Appellant's] argument is misguided as it seeks to find trial counsel ineffective not upon misadvice or an omission as to the legal aspects of [Appellant's] predicament, but rather on the basis that counsel did not discuss aspects of the death penalty which are not rooted in the current status of the law.

(Trial Ct. Op., at 6).[4] Accordingly, the record supports the PCRA court's finding that Appellant validly waived his right to a jury trial because he failed to prove that trial counsel interfered with his freedom to decide to waive a jury trial or provided unreasonable advice. *See Boyd*, *supra* at 617.

Moreover, Appellant's question on appeal is nothing more than a weaker variant on arguments previously rejected by our Courts that the fear of a possible death penalty does not make a guilty plea or jury trial waiver involuntary. *See Commonwealth v. Bhillips*, 380 A.2d 1210, 1213 (Pa. 1977), *cert. denied*, 439 U.S. 1067 (1979); *see also Commonwealth v. Lassiter*, 696 A.2d 196, 198 (Pa. Super. 1997), *affirmed by*, 722 A.2d 657

---

[4] The court correctly determined that Appellant improperly relied on *Padilla v. Kentucky*, 559 U.S. 356 (2010) to argue that counsel's duties should be extended to require a discussion about the relative likelihood of execution of a death sentence. (*See* Trial Ct. Op., at 6-8). *Padilla* addresses deportation. Appellant's argument for an "extension" of *Padilla* is unpersuasive. Execution is a direct result of a death sentence, not a collateral consequence.

(Pa. 1997) (rejecting defendant's claim that jury trial waiver is involuntary "when motivated by avoidance of the death penalty").

Therefore, we conclude that the PCRA court properly found that Appellant failed to meet his burden of pleading and proving the arguable merit prong of the **Pierce** test for ineffective assistance of counsel and Appellant's issue lacks merit. **See Spotz**, **supra** at 311; **Pierce**, **supra** at 975.

Accordingly, the PCRA court properly denied Appellant's claim.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014