J-S16026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON D. DATES, | |
| Appellant | No. 787 MDA 2014 |

Appeal from the Judgment of Sentence of March 31, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004009-2012

BEFORE:  PANELLA, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED MAY 06, 2015**

Appellant, Jason D. Dates, appeals from the judgment of sentence entered on March 31, 2014, following his jury trial conviction for persons not to possess a firearm, 18 Pa.C.S.A. § 6105.  Upon review, we affirm.

The trial court set forth the facts and procedural history of this case as follows:

> On September 25, 2012, at approximately 2:30 p.m., [Appellant] and two other adult males were observed by Wilkes-Barre City Police Sergeant Joseph Mangan in the area where steps and a driveway are located on the property of G.A.R. Memorial Junior/Senior High School (GAR) in the City of Wilkes-Barre.  Sergeant Mangan was working as a school resource officer positioned in front of the school as students were leaving at the end of the school day.  The record reflects he was of the opinion that the three adult males were not students.  As a result, he approached the individuals at which time one of the group – a tall, thin, light-skinned male wearing glasses and a yellow shirt – ran away.  As a result, Sergeant Mangan radioed for assistance and confronted the two other adult males.

Additional information was thereafter received reporting the individual who ran from the scene was observed at the rear of 402 South Sherman Street on a second floor porch. With the assistance of other responding units, [Appellant] was located on the second floor porch and taken into custody. Sergeant Mangan ascended the stairs to determine whether the door located on the porch had been tampered with in an attempt to gain entry when he observed a large dusty gym bag on the porch with a gun handle beneath the bag.[fn1] This was the area where [Appellant] attempted to secret himself behind the banister.

As a result of the aforementioned, on October 9, 2013, a criminal complaint was filed. Subsequent thereto the criminal information containing five specific counts was filed. [Prior to trial, the Commonwealth dismissed all charges except persons not to possess a firearm.]

On October 9, 2013, [Appellant's] trial *in absentia* commenced with jury selection and concluded on October 10, 2013.[fn2] [Appellant] was found guilty of [persons not to possess a firearm] and was sentenced on March 31, 2014 [to 48 to 96 months of imprisonment].

A notice of appeal was filed on April 24, 2014, and on June 4, 2014, the court issued an order directing [Appellant] to file a [Pa.R.A.P.] 1925(b) statement within 21 days of said order. [… Appellant] advanced several motions requesting additional time to review the record prior to completing the 1925(b) statement.

On August 15, 2014, the statement of errors complained of on appeal was filed raising a single issue[. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 26, 2014.]

---

[fn1] [The porch led to an apartment where the registered gun owner, Antoine Harrell, lived. Harrell had reported the gun stolen several days prior to this incident.]

[fn2] At the time of trial, [Appellant] was lodged at the Luzerne County Correctional Facility (LCCF) in the work

release program. Prior to trial, [Appellant] escaped the LCCF and his whereabouts were unknown. He did not appear for his trial despite the fact that he was aware of his trial date. He was eventually apprehended and charged with escape, a charge he pleaded guilty to.

Trial Court Opinion, 9/26/2014, at 1-2 (most footnotes omitted).

On appeal, Appellant raises the following issue for our review:

Whether the Commonwealth failed to present evidence sufficient to prove beyond a reasonable doubt that [Appellant] had the intent to control and the power to control a firearm pursuant to 18 Pa.C.S.A. § 6105(a)(1)?

Appellant's Brief at 1.

Appellant argues that the Commonwealth failed to produce sufficient evidence that Appellant was in possession of the recovered firearm. He asserts he was not in actual possession of the firearm. *Id.* at 5. More specifically, he claims:

The testimony reflects that the firearm was found on the property of its registered owner, [Mr.] Harrell. It also reflects that the firearm was found beneath a large dusty gym bag. No one had been to this porch before to testify whether the firearm had been on the property before [Appellant] was there. The scientific tests did not show that [Appellant] had been in possession of the firearm.

*Id.* at 7 (record citations omitted). Appellant claims that his statement to police, following his arrest, wherein he claimed that his DNA and fingerprints would be found on the firearm "does not [show] when [Appellant] may have touched the firearm." *Id.* Finally, Appellant argues that "[t]he Commonwealth failed to introduce any evidence to indicate when [Mr.]

Harrell purchased the firearm [] such that it would mean that [Appellant] was in possession of the firearm after his previous conviction." ***Id.*** at 8.

In challenges to the sufficiency of the evidence,

> our standard of review is *de novo,* however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner. Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. We will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

***Commonwealth v. Forrey***, 108 A.3d 895, 897 (Pa. Super. 2015) (citations and quotations omitted).

As charged in this case, "[a] person who has been convicted of an [enumerated] offense […] shall not possess, use, control, sell, transfer or manufacture […] a firearm in this Commonwealth."[1] 18 Pa.C.S.A. § 6105(a).

Because Appellant was not in physical possession of the firearm, the Commonwealth was required to establish that he had constructive possession of the seized item to support his conviction.

---

[1] Appellant does not challenge the fact that he had a 2011 conviction for aggravated assault, an enumerated offense under Section 6105(a); therefore, he was not permitted to possess a firearm. ***See*** N.T., 10/9/2013, at 66.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (P. Super. 2013) (citation omitted).

Here, Sergeant Mangan testified that he observed Appellant, who was not a student, on school property talking with two other men. N.T., 10/9/2013, at 26-28. When Sergeant Mangan began walking towards them, Appellant fled. *Id.* Sergeant Mangan radioed police dispatch, gave a physical description of Appellant ("[t]all, thin, light skinned black male, yellow t-shirt, glasses"), and asked for additional police assistance. *Id.* at 28. Officer James Conmy proceeded to the area after hearing a request to respond. *Id.* at 53. "While en route, there was an update that one of the males possibly had a firearm." *Id.* "[T]here was a subsequent 9-1-1 call that indicated the male that [the police] were looking for was […] at 402 South Sherman Street hiding on [] a porch." *Id.* at 54, 32-33. Sergeant Mangan and Officer Conmy found Appellant on a second floor porch at that address, "hiding down below the railing." *Id.* at 33, 54. After the police ordered Appellant to come down and he complied, Sergeant Mangan found "a rather large dusty gym bag and beneath it [he] saw the handle of [a]

- 5 -

pistol." *Id.* at 36. Sergeant Mangan testified that he recovered the firearm from "directly below" where Appellant was hiding on the porch. *Id.* at 51. The firearm was reported stolen two or three days prior. *Id.* at 40. At the police station, Appellant said, "I'll take [a DNA] test. My DNA is going to be on the gun. My fingerprints are going to be on the gun. I held the gun. I helped [Mr. Harrell] buy the gun." *Id.* at 56.

Based upon a totality of the evidence, as viewed in the light most favorable to the Commonwealth as our standard requires, we conclude there was sufficient evidence to support Appellant's conviction for persons not to possess a firearm. Upon approach by the police, Appellant ran. While the police were attempting to locate him, they received additional information that Appellant was potentially armed and hiding on a porch. Consciousness of guilt, evidenced by flight from the scene and concealment of whereabouts, may support the finding of guilt. *Commonwealth v. Davis*, 421 A.2d 179, 182 (Pa. 1980) (collected citations omitted). "Evidence of flight or concealment can be established through eyewitness testimony." *Commonwealth v. Hudson*, 955 A.2d 1031, 1036 (Pa. Super. 2008) (citation omitted). After the police detained Appellant, they found a partially hidden, stolen firearm in Appellant's immediate vicinity. Appellant admitted that his DNA and fingerprints were on the weapon and that he helped purchase the firearm. Based upon the evidence, the jury could infer that because of Appellant's felonious status, proximity to the gun, the gun being

partially hidden under a dusty bag, and the firearm being reported stolen recently, Appellant's possession of the gun was recent and immediately prior to his arrest. In sum, the evidence showed Appellant exercised control over the found gun, despite being prohibited from so doing. Accordingly, Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015