J-A03030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.O.T. | |
| Appellant | No. 1304 MDA 2014 |

Appeal from the Judgment of Sentence entered June 16, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0001099-2013

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 27, 2015**

Appellant, S.O.T., appeals from the judgment of sentence of the Court of Common Pleas of Adams County entered on June 16, 2014.  Appellant challenges his Sexually Violent Predator (SVP) determination.  In particular, Appellant argues the trial court erred in admitting the expert's opinion because the opinion relied on inherently unreliable documents containing unproven allegations.  For the reasons stated below, we affirm.

The trial court summarized the relevant facts and procedural history of the case as follows.

> On January 6, 2014, Appellant entered pleas of guilty to statutory sexual assault and unlawful contact with a minor stemming from numerous incidents in which he had sexual intercourse with his biological daughter, beginning when she was

---

[*] Former Justice specially assigned to the Superior Court.

fourteen and ending when she was age twenty. [The trial court] directed that Appellant be referred to the Sexual Offenders Assessment Board for a [s]exual [o]ffender [a]ssessment. Dr. Robert M. Stein ("Dr. Stein") conducted the assessment of Appellant and created a report containing his evaluation and conclusions based on the information provided to him. A hearing was held on June 16, 2014, to determine whether Appellant met the criteria to be classified as [an SVP] for purposes of sex offender registration and to sentence Appellant on the counts he previously plead guilty. Immediately prior to the hearing, Appellant made a motion *in limine* requesting that the facts testified to by [the] expert witness[] at the hearing be admitted into evidence only to the extent that they explain the basis for the expert's opinion rather than for their substantive value. This [c]ourt denied Appellant's motion.

During the hearing, the Commonwealth called Dr. Stein to testify regarding the [s]exual [o]ffender [a]ssessment he conducted and the report he authored which summarizes his findings. Based on his extensive credentials, the [c]ourt qualified Dr. Stein as an expert in sexual offender assessments. Dr. Stein testified that, in forming his expert opinion and authoring his report, he relied on a report by the board investigator, the [o]rder of [c]ourt, the response from defense counsel, the incident report from the Pennsylvania State Police, [and] the criminal information. At the time the Commonwealth sought to admit Dr. Stein's report, Appellant renewed his objection on the basis that the facts relied on in the report have not been verified and thus the report cannot be offered for its truth. This [c]ourt overruled Appellant's objection and the report was admitted.

Dr. Stein described each of the fifteen factors statutorily required to be assessed and stated the manner in which the facts of Appellant's case applied to each factor to lead him to the conclusion that Appellant meets the criteria to be classified as an SVP under Pennsylvania law. During the SVP hearing, Dr. Stein testified that, in completing his analysis, he diagnosed Appellant with other specified paraphilic disorder non-consent and stated that "other specified" is a term that is used when the specific target of the sexual deviance is not specifically listed and the evaluator chooses to specify the reason. Dr. Stein specified that the reason for his diagnosis was non-consent. He based his assessment of the non-consensual nature of the sexual relations on the fact that the victim could not consent because of her young age and the victim's statement to the police that, when

the sexual acts first started, she did not know what to do and was scared. Dr. Stein stated that the condition of other specified paraphilic disorder non-consent was the impetus for Appellant's sexual offending.

Following Dr. Stein's testimony on direct examination, Appellant's attorney conducted an extensive cross examination of Dr. Stein with an emphasis on the limitations of the sources from which Dr. Stein gleaned the facts used to form his conclusions. Appellant's attorney also challenged the factual basis for Dr. Stein's opinion and conclusion that the victim did not consent to the sexual encounters. A lengthy exchange occurred between defense counsel and Dr. Stein regarding the victim's statement to the police that she was scared and did not know what to do when Appellant began the sexual relationship, the fact that the victim was fourteen years old when the sexual intercourse began, and the nature of the relationship between Appellant and the victim.

Appellant called an expert witness, Dr. Amy Taylor ("Dr. Taylor"), to challenge whether the Commonwealth carried its burden of proof through the testimony of Dr. Stein. Dr. Taylor critiqued both the sources of facts upon which Dr. Stein relied in assessing Appellant, as well as his conclusions based on those limited facts. She testified that Dr. Stein's analysis relied too heavily on inferences derived from the offense itself without consideration of information specific to this offense and stated her opinion that Dr. Stein should have sought collateral sources, including possibly conducting an interview with the victim, to further inform his conclusions. Dr. Taylor further testified that, without additional information, Dr. Stein could not have concluded with a reasonable degree of professional certainty that Appellant had a mental abnormality or personality disorder which was the impetus to the sexual offending behavior. Specifically, she stated that sexual intercourse with an adolescent, in and of itself, does not signify that paraphilia is the cause of that behavior and that such behavior may have an alternate cause. Dr. Taylor also testified that consideration should be given to the possibility that some information contained in the type of documents Dr. Stein was reviewing may not be true or accurate.

Based on all of the testimony presented at Appellant's SVP hearing, this [c]ourt determined that the Commonwealth met its burden of proving by clear and convincing evidence that

- 3 -

Appellant should be classified as an SVP pursuant to Pennsylvania law.

Trial Court Opinion, 9/10/14, at 1-4 (footnotes and citation to record omitted).

Appellant raises the following issues for our review:

I.   Whether the lower court erred when it admitted into evidence at the SVP hearing, for substantive purposes, the factual basis for the opinion of the Commonwealth's expert, including that factual basis derived from unproven allegations made in police documents, which [Appellant] argued were admissible to explain the expert's opinion but not for their truth.

II.  Whether the lower court erred when it admitted into evidence at the SVP hearing, for any purpose, the factual basis for the opinion of the Commonwealth's expert, including that concerning whether the victim consented, because the factual basis derived from certain unproven allegations made in police documents that could not be reasonably relied upon.

Appellant's Brief at 8.

A challenge to a determination of SVP status requires us to view the evidence

> in the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [at] issue.

*Commonwealth v. Plucinski*, 868 A.2d 20, 25 (Pa. Super. 2005) (internal citations and quotation marks omitted). The scope of review is plenary. *Commonwealth v. Brooks*, 7 A.3d 852 (Pa. Super. 2010), *appeal denied,* 610 Pa. 614, 21 A.3d 1189 (2011). "[A]n expert's opinion, which is rendered to a reasonable degree of professional certainty, is itself evidence."

- 4 -

> ***Commonwealth v. Fuentes***, 991 A.2d 935, 944 (Pa. Super. 2010) (en banc), *appeal denied,* 608 Pa. 645, 12 A.3d 370 (2010) (emphasis in original).

> A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. ***Commonwealth v. Meals***, 590 Pa. 110, 119, 912 A.2d 213, 218 (2006). The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. ***Commonwealth v. Baker***, 24 A.3d 1006, 1035 (Pa. Super. 2011). A successful sufficiency challenge can lead to an outright grant of relief such as a reversal of the SVP designation, whereas a challenge to the admissibility of the expert's opinion and testimony is an evidentiary question which, if successful, can lead to a new SVP hearing. ***Commonwealth v. Sanford***, 580 Pa. 604, 608–09, 863 A.2d 428, 431 (2004) (distinguishing concepts of sufficiency of evidence versus admissibility of evidence, but refusing to render any opinion on whether SVP expert's "reliance on the affidavit of probable cause and the charging documents somehow rendered her testimony inadmissible as this issue is not before this court").

>> As a general rule, [the] standard of review of a trial court's evidentiary ruling ... is limited to determining whether the trial court abused its discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

> ***Commonwealth v. Dengler***, 586 Pa. 54, 65, 890 A.2d 372, 379 (2005) (internal citations and quotation marks omitted). Our task in either scenario is one of review, not one of reweighing or assessing the evidence in the first instance. ***Meals***, *supra* at 127, 912 A.2d at 223.

***Commonwealth v. Prendes***, 97 A.3d 337, 355-56 (Pa. Super. 2014),

*appeal denied*, 105 A.3d 736 (Pa. 2014).

In his first claim, Appellant argues the trial court erred in admitting as substantive evidence the factual basis the expert witness relied upon in formulating his opinion whether Appellant qualified as an SVP. While Appellant cites several cases, he mostly relies on ***In re Adoption of R.K.Y.***, 72 A.3d 669 (Pa. Super. 2013), for the proposition that "the factual basis of an expert's opinion is specifically *not* admissible as substantive evidence of the truth of the [facts or data]." Appellant's Brief at 19 (citing ***R.K.Y.***, 72 A.3d at 678) (emphasis and alteration in original) (internal quotation marks omitted).[1]

Appellant's argument is based on several unwarranted assumptions. First, Appellant assumes that the trial court's admission of the expert's opinion "without limitation"[2] means that the trial court admitted the factual basis upon which the expert relied upon as substantive evidence of those facts. Appellant's Brief at 22. Appellant next assumes the trial court's failure to enter a cautionary instruction to itself[3] on how to treat the factual

---

[1] Appellant also discusses Pa.R.E. 703, 705, which we address *infra* in connection with Appellant's second issue.

[2] The phrase "without limitation" was used by the trial court in its Rule 1925(a) opinion. Trial Court Opinion, 9/10/14, at 5. At the SVP hearing, the trial court stated that it would "consider everything that's necessary to consider to make a determination under the statute whether the criteria are met or not to classify [Appellant] as a sexually violent predator." N.T. SVP Hearing, 6/16/14, at 6.

[3] At the SVP Hearing, Appellant suggested Pennsylvania Suggested Standard Criminal Jury Instruction 4:11 as reference (limiting jury's consideration of facts not admitted into evidence except as basis for expert's opinion). N.T.

*(Footnote Continued Next Page)*

basis of expert's opinion is evidence of the trial court's improper reliance on the challenged factual basis of the expert's opinion. *Id.* Finally, he points to the following statements as further evidence the trial court impermissibly relied on the expert's factual basis for purposes of the SVP determination:

> The issue here, however, is whether . . . [Appellant] should be classified as a sexually violent predator. To make some determination, some underlying facts need to be brought into evidence through the experts. Some of it is already before the [c]ourt by way of the plea colloquy and so forth.

N.T. SVP Hearing, 6/16/14, at 4-5.

> Appellant interprets these statements by the trial court as follows:

> By the court's own statements, it is clear that the court believed that facts in addition to those in the plea colloquy would be needed, and that the court anticipated the introduction of those facts substantively *through the expert witness*. Such a position is contrary to the settled law[.][4]

Appellant's Brief at 23 (emphasis in original).

> The trial court responded to these allegations of error as follows:

> Appellant asserts that this [c]ourt should have limited itself to only considering the "unproven allegations" forming the basis of Dr. Stein's opinion for the limited purpose of explaining how he arrived at his conclusion. In essence, Appellant believes that this [c]ourt should have issued an instruction to itself, limiting the purpose for which the [c]ourt could consider the facts underlying Dr. Stein's opinion. However, unlike cases involving

*(Footnote Continued)* _____

SVP Hearing, 6/16/14, at 5-6. The trial court noted there was no need for an instruction as no jury was involved in the proceeding. *Id.*

[4] As explained *infra*, the only facts Appellant challenged are victim's consent to intercourse and frequency of the same. We address these matters below, in connection with Appellant's second claim.

expert opinion in a jury trial, in the present case the [c]ourt was sitting as a fact-finder in a hearing to determine whether, based on the application of facts to the factors to be considered, Appellant should be classified as an SVP. "[W]hen the court is sitting as fact-finder it is presumed that inadmissible evidence is disregarded and that only relevant and competent evidence is considered." **Commonwealth v. Gonzales**, 609 A.2d 1368, 1371 (Pa. Super. 1992) (citing **Commonwealth v. Kevin Davis**, 421 A.2d 179 (Pa. 1980)). Moreover, it is assumed "that a court in a bench trial would follow the very instructions which it would otherwise give to a jury." **Id.** (citations omitted).

Although this [c]ourt refused Appellant's request to impose a limit on the [c]ourt's consideration of evidence, that fact alone does not indicate that the [c]ourt considered the facts underlying Dr. Stein's analysis for an improper purpose under the Pennsylvania Rules of Evidence. In denying Appellant's motion in limine, the [c]ourt stated that it will "consider everything that's necessary to consider to make a determination under the statute whether the criteria are met to classify [Appellant] as a sexually violent predator." This [c]ourt considered the totality of the facts presented at the hearing in determining that the Commonwealth met its burden of proving by clear and convincing evidence that Appellant met the criteria to be classified as an SVP.

Dr. Stein's opinion was not rendered at trial to a jury unfamiliar with evidentiary rules and the standard to be applied. Instead, this [c]ourt, after listening to Dr. Stein's expert testimony, considering issues raised in Appellant's cross-examination of Dr. Stein and the testimony of Appellant's expert witness, determined that, upon application of the facts as properly presented through the witnesses to the law, Appellant should be classified as an SVP. The record does not reflect any indication this [c]ourt considered the facts underlying Dr. Stein's report and opinion for an improper purpose.

Trial Court Opinion, 9/10/14, at 9-10 (citation to N.T. omitted).

We agree. A review of the notes of testimony of the SVP hearing fails to show anything in the record that would suggest the trial court considered the factual basis relied upon by the expert for any purpose other than an

- 8 -

explanation of the basis of the expert's opinion. In fact, the record shows the factual basis relied upon by the expert—heavily tested by Appellant on cross-examination—was considered by the trial court along with other evidence, including Appellant's own expert witness casting doubts on Dr. Stein's opinion.[5] The claim is therefore without merit.[6]

In his second claim, relying on a lower court decision,[7] Appellant argues the trial court abused its discretion in relying on the expert's factual basis because the source of the expert's information (*i.e.*, the police report/affidavit of probable cause) is "inherently unreliable." Appellant's Brief, at 36. Appellant also argues only two unproven facts formed the basis of the expert's opinion: (i) victim's non-consent to sexual intercourse and (ii) sexual intercourse happened on an ongoing basis. Because police reports are inherently unreliable and these two facts were unproven, Appellant contends, the trial court should not have considered the factual basis relied upon by the expert. Accordingly, Appellant concludes, the trial court abused its discretion in considering these facts and the expert's opinion in

---

[5] Appellant's expert did not refute Dr. Stein's opinion that Appellant qualified as an SVP. N.T. SVP Hearing, 6/16/14, at 77. Nor could she have, considering the limited purposes of her testimony. *Id.* at 52-53. Appellant's expert essentially opined that Dr. Stein relied on insufficient information to support his assessment. *Id.* 67-68, 73.

[6] Because of our conclusion, we do not need address ***R.K.Y., supra.***

[7] ***Commonwealth v. Leddington***, 75 Pa. D.&C.4th 294 (Bucks Cty. 2005).

determining whether Appellant qualifies as a sexually violent predator.[8]  We disagree.

Appellant's reliance on **Leddington** is misplaced, for several reasons. First, the Bucks County decision is not binding on this Court.  Second, even if we were to consider it, it is readily apparent that the reasoning and conclusions of the Bucks County court are questionable.  Relevant statutes and caselaw of this Court, in fact, directly contradict **Leddington**.

> Section 9799.24, in relevant part, states
> All State, county and local agencies, offices and entities in this Commonwealth, including juvenile probation officers, shall cooperate by providing copies of records and information as requested by the [State Sexual Offender Assessment Board (SOAB)] in connection with the court-ordered assessment and the assessment requested by the Pennsylvania Board of Probation and Parole or the assessment of a delinquent child under section 6358 (relating to assessment of delinquent children by the State Sexual Offenders Assessment Board). . . .

_____

[8] While not articulated as such, in his second claim, Appellant is actually challenging the weight of the evidence upon which Dr. Stein relied.  **See Meals**, 912 A.2d at 223-24 ("To the extent [defendant] felt that the expert's 'diagnosis' was not fully explained, did not square with accepted analyses of the disorder, or was simply erroneous, he certainly was free to introduce evidence to that effect and/or to argue to the factfinder that the Commonwealth's expert's conclusions should be discounted or ignored.  But that argument would affect the weight, and not the sufficiency, of the expert's evidence.") (footnote omitted); **see also Fuentes**, 991 A.2d at 944 (appellant's argument that the evidence for the SVP determination was insufficient because expert's opinion was based solely on appellant's prior criminal record and police reports was in fact a challenge to the weight of the evidence).  Additionally, weight of the evidence is not for us to decide. **Meals**, 912 A.2d at 223 (Regarding sexually violent predator assessments, "[t]he task of the Superior Court is one of review, and not of weighing and assessing evidence in the first instance.").

42 Pa.C.S.A. § 9799.24(c).

Thus, by statute, for purposes of the assessment, members of the SOAB can, and routinely do, rely on information that often contains "unproven allegations." As explained, that alone, however, does not affect its admissibility, but only its weight.

The general rules pertaining to expert's opinions, set forth in Pa.R.E. 703 and 705, are also relevant for purposes of this analysis. **See Prendes**, 97 A.3d at 360-61.

> Rule 703. Bases of an Expert's Opinion Testimony
>
> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Pa.R.E. 703.

"If an expert states an opinion the expert must state the facts or data on which the opinion is based." Pa.R.E. 705. The Comment expands as follows:

> When an expert testifies about the underlying facts and data that support the expert's opinion and the evidence would be otherwise inadmissible, the trial judge upon request must, or on the judge's own initiative may, instruct the jury to consider the facts and data only to explain the basis for the expert's opinion, and not as substantive evidence.

**Id.** Comment.

By statute, therefore, experts, in forming their opinion, can rely on otherwise inadmissible facts. If experts rely on inadmissible facts, these

- 11 -

facts can be used only for purposes of explaining the basis of their opinion, but not as substantive evidence of the facts themselves. Here, as noted above, there is no evidence the trial court relied on Dr. Stein's factual basis as substantive evidence of those facts.

Appellant also overlooks that we addressed a similar issue in **Prendes**. Yet, Appellant argues that **Prendes**, despite the fact that it dealt with essentially the same issue raised here (*i.e.*, SVP status based on unproven allegations contained in police report, affidavit of probable cause), is distinguishable on several grounds. Specifically, Appellant argues that in **Prendes**, but not here, (i) the defense read into the record the entire guilty plea colloquy; (ii) most of the facts relied upon by the expert were also the subject of sworn testimony at trial and cross-examination, and (iii) appellant failed to state with specificity which unproven facts were challenged.

A review of **Prendes** disposes of these alleged differences. In **Prendes**, this Court quoted with approval the following excerpt from the trial court opinion:

> It was not necessary that [the expert] read the guilty plea colloquy and trial testimony before forming her opinion. The facts upon which an expert relies can be disclosed either by asking the expert to "assume the truth of facts the expert has seen or read" or by asking a "hypothetical question." **See** Pa.R.E. 705, comment. It is the [c]ourt, not the expert, [which] finds the facts and makes the ultimate determination whether a defendant is an SVP. In essence, [the expert] assumed, hypothetically, that [appellant] had committed the criminal conduct set forth in the documents she reviewed and rendered her opinion that, based on those assumed facts, [appellant] [was] an SVP. The [c]ourt, as the finder of fact, determined

whether the facts assumed by [the expert] were true and weighed her opinion accordingly.

*Prendes*, 97 A.3d at 362.

The same can be said here. Dr. Stein assumed that Appellant had committed the criminal conduct set forth in the documents he reviewed, and based on the information he had, he concluded that Appellant was an SVP. Dr. Stein did not change his assessment despite being challenged as to the reliability of some of the facts he assumed. After considering Dr. Stein's testimony, Appellant's expert testimony, and counsel's arguments, the trial court found that the Commonwealth proved Appellant met the criteria for SVP status. We see no error or abuse of discretion in the trial court's findings and conclusions.

Appellant, throughout his brief, stated that police reports and affidavits of probable cause are not **reasonably** relied upon by experts in the field. *See*, *e.g.*, Appellant's Brief at 37 (emphasis added). We disagree. The trial court noted that "[a]lthough Dr. Stein did not testify that the facts in the documents on which he relied in conducting his SVP analysis were the type of facts **reasonably** relied on by experts in his field, the fact that such documents are relied on by representatives of the [SOAB] is beyond reproach." Trial Court Opinion, 9/10/14, at 8 (emphasis added) (citing *Prendes*). We agree. "[A]rrest warrant, affidavit of probable cause, police reports, charge sheet, statements by the victim, *etc.* . . . are [records]

**typically** relied on in SOAB evaluations." ***Prendes***, 97 A.3d at 362 (citing Pa.R.E. 703, 705) (emphasis added).[9] ***Prendes***, therefore, is controlling.

In ***Prendes***,

Appellant challenge[d] his SVP status as based on unreliable hearsay. Specifically, Appellant assert[ed] the SOAB expert witness formed her opinion using "unproven allegations" contained in police reports, the affidavit of probable cause, polygraph examination reports, and other documents of record. Appellant insists the information contained in these documents made the SOAB expert's opinion inadmissible because the information had not been established by testimony at the SVP hearing or by admission of Appellant. . . . Appellant conclude[d] the court abused its discretion by allowing the SOAB expert witness to render an opinion based on unproven allegations, over Appellant's objections, and he is entitled to a new SVP hearing as a result.

***Prendes***, 97 A.3d at 355.

We disagreed and noted:

The SVP assessment is statutorily defined. The statute governing the SVP assessment does not limit the expert's consideration of information only to that admitted at trial or at the guilty plea proceedings. In fact, the statute requires state, county, and local agencies, offices or entities to provide copies of

---

[9] In his brief, Appellant also criticizes ***Prendes*** for "blurring the line between **reasonable** reliance and . . . **typical** reliance[, which] is inaccurate and contrary to the rules of evidence." Appellant's Brief at 31. While the expert used the word "typically" as opposed to "reasonably," it is clear what the expert meant. The mere fact that this Court in ***Prendes*** did not comment on the expert's word choice does not mean that we blurred the line between the two words, or that we do not appreciate the difference. Despite Appellant's criticism, ***Prendes*** is consistent with relevant statutes and caselaw, as opposed to Appellant's position on this matter. Appellant is in fact suggesting that while experts typically rely on police reports and affidavits of probable cause for purposes of SVP determinations, such reliance is unreasonable. As noted, relevant statutes and binding caselaw do not support Appellant's argument.

records and information as requested by the SOAB in connection with an SVP assessment, without limitation on the "admissibility" of that information. **See** 42 Pa.C.S.A. § 9799.24(c). As a result, it stands to reason that some if not many of the facts necessary to perform the SVP assessment might not have been proven beyond a reasonable doubt. Thus, we hold [a] SOAB expert opinion falls within the general rules regarding expert witnesses. As such, a SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted. **See** Pa.R.E. 702, 703; **In re D.Y.**, [34 A.3d 177 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012)]. The SOAB expert must state the facts or data on which the opinion is based. **See** Pa.R.E. 705 and *Comment* (explaining otherwise inadmissible facts and data supporting expert opinion are considered only to explain basis for expert's opinion, not as substantive evidence). Then, the rules of evidence place "the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's cross-examination." **See In re D.Y.**, *supra* at 183. Opposing counsel bears the burden of exposing and exploring "any weaknesses in the underpinnings of the expert's opinion." **See id.**

**Prendes**, 97 A.3d at 360-61.

Thus, police reports and affidavits of probable cause are admissible for purposes of a SVP determination despite issues of reliability. The reliability of the information contained in these documents can be attacked at the SVP hearing by defense counsel, but such challenges involve the weight of the evidence not its admissibility. **Meals**, **supra**; **Prendes**, **supra**; **Fuentes**, **supra**.

Appellant next argues that the expert's opinion is based only on two unproven facts, non-consent and frequency of sexual contacts. This challenge does not fare any better than the previous one.

Regarding consent, Appellant challenges the reliability of some statements victim made to the police during the investigation (*i.e.*, "The victim told police that when this first started, she did not know what to do and she was scared." N.T. SVP Hearing, 6/16/14, at 22). Because these were unproven allegations, Appellant argues, the expert improperly concluded that victim did not consent to sexual intercourse. In fact, Appellant argues, "there is no evidence to show that the [14-year-old] victim did not want to have sex," Appellant's Brief at 45-46, with her biological father, 23 years her senior.

Appellant was 37 years old when he first had sexual contact with the victim, Appellant's biological daughter, 14 years old at that time. N.T. SVP Hearing, 6/16/14, at 18. The expert opined the relationship was not consensual based (i) on the victim's age, (ii) the above-described statements she gave to the police, and (iii) it was not a dating relationship, *id.* at 17-18, 22, 34-35, 37-38. The trial court noted, and we agree, that even if the expert had discounted the alleged statements victim gave to the investigators, the expert had "reliable facts" sufficient to conclude Appellant is in fact a sexually violent predator (*i.e.,* victim, due to her age, was a physically and emotionally immature person, who could not legally consent

to sexual intercourse).[10]  *See* Trial Court Opinion, 9/10/14, at 10-11; *see also* N.T. SVP Hearing, 6/16/14, at 18, 22, 34-35, 37-38.

Additionally, Appellant does not explain how a minor's consent to sexual intercourse is legally irrelevant (*rectius*, it is not a defense to statutory sexual assault, *see Commonwealth v. Castelhun*, 889 A.2d 1228, 1234 (Pa. Super. 2005)), yet factually relevant for purposes of the SVP determination.  Nor does Appellant point to anything in the Diagnostic and Statistical Manual of Mental Disorders (DSM) or his own expert's testimony suggesting that for purposes of a psychological diagnosis and/or SVP assessment a 14-year-old child is capable of consenting to sexual intercourse with her father, a 37-year-old man.[11]

Regarding the frequency of the assaults, the expert stated that the sexual abuse was "ongoing" and continued for several years.  *Id.* at 20.  The expert based his conclusion on statements Appellant allegedly made to the police in connection with the investigation ("Appellant related that it

_____

[10] The trial court also noted that "[t]he fact that the relationship between Appellant and the victim was 'not a dating relationship' was also a significant factor leading to Dr. Stein's conclusion that the victim did not consent."  Trial Court Opinion, 9/10/14 at 11.

[11] In fact, the DSM defines paraphilia as "any intense and persistent interest other than sexual interest in genital stimulation or preparatory fondling with phenotypically normal, physically mature, consenting human partners").  Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (2013), 685.  Dr. Stein defined paraphilia as "any inten[se] and persistent sexual interest in other than physically mature consenting partners."  N.T. SVP Hearing, 6/16/14, at 21.

occurred on a weekly basis while at the residence in Bonneauville as well as the current address in Littlestown, PA since before that. He relayed that this continued from the time she was 14 in 2007 until August of 2013." N.T. SVP Hearing, 6/16/14, at 32-33). According to Appellant, the statements do "not specifically indicate that it occurred on a weekly basis throughout that entire timeframe." *Id.* at 33. The expert conceded that much, but did not find the qualification to be of any particular relevance. *Id.* We agree. It is clear from the record that there were "numerous incidents," Trial Court Opinion, 9/10/14, at 1, or that a "large number of offenses" occurred, N.T. SVP Hearing, 6/16/14, at 24, which is not contested by Appellant. It is unclear, however, how Appellant's timeframe qualification changes the expert's conclusion or the court's analysis. Absent any argument by Appellant, we decline to address this matter any further.

In light of the foregoing, we conclude the trial court did not err in admitting Dr. Stein's opinion and the factual basis upon which the opinion was based.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

- 18 -